Anne K. Edwards (SBN 110424)
SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071
Telephone: (213) 358-7210
aedwards@sgrlaw.com

Jeremy D. Richardson (*admitted pro hac vice*)
James J. Boland (*admitted pro hac vice*)
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 15th Floor
New York, New York
Telephone: (212) 907-9700
jrichardson@sgrlaw.com
jboland@sgrlaw.com

*Attorneys for Defendant Comfrt, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA FISCHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMFRT, LLC; a Florida limited liability company; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.  2:25-cv-01574 CAS<br><br>**COMFRT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**SUPPORTING DECLARATION OF PATRICK McGILL (FILED CONCURRENTLY)**<br><br>Judge:  Hon. Christina A. Snyder<br>Date:    June 30, 2025<br>Time:    10:00 a.m.<br>Crtrm.:  8D<br><br>Complaint Filed:  February 24, 2025<br>Trial Date:  None Set |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 30, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard, Defendant Comfrt, LLC will and hereby does move this Court for order dismissing the First Amended Class Action Complaint for: (i) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (ii) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*.; and (iii) violation of the California Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, filed by Plaintiff Anna Fischer, individually and on behalf of all others similarly situated, pursuant to Rules 12(b)(1), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

Comfrt asserts that Plaintiff lacks standing under Article III of the U.S. Constitution to bring this action; that even if the Plaintiff had standing, the claims should be dismissed with prejudice because Plaintiff has not plausibly alleged that she suffered any injury proximately caused by Defendant's alleged conduct and fails to plausibly allege claims for injunctive relief, disgorgement, restitution and/or damages under the legal theories asserted.

**L.R. 7-3 STATEMENT**

This motion is being filed following conferences of counsel pursuant to L.R. 7-3, which took place on May 2, 2025, and May 23, 2025. The first conference took place via Zoom and the second via conference call. In attendance at the first conference were Kevin Cole on behalf of the Plaintiff, and James Boland, Patrick McGill and Jeremy Richardson on behalf of the Defendant. Attending the second conference were Blair Castle for the Plaintiff and James Boland and Ian Dankelman for the Defendant. In both conferences, Counsel discussed that Defendant intended to file a motion to dismiss the relevant Complaints pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), explaining the grounds for the motion. In the May 23, 2025, conference, Counsel discussed the fact that Defendant's arguments were set forth in detail in Defendant's May 12, 2025,

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

motion to dismiss Plaintiff's initial Complaint and memorandum, and that those same arguments applied with equal force to Plaintiff's First Amended Complaint.

DATED: May 30, 2025                    Respectfully Submitted,

*/s/  James J. Boland*

Anne K. Edwards (SBN 110424)
SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071
Telephone: (213) 358-7210
aedwards@sgrlaw.com

Jeremy D. Richardson
(*admitted pro hac vice*)
James J. Boland
(*admitted pro hac vice*)
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 15th Floor
New York, New York
Telephone: (212) 907-9700
jrichardson@sgrlaw.com
jboland@sgrlaw.com

*Attorneys for Defendant Comfrt, LLC*

# <u>TABLE OF CONTENTS</u>

**Pages(s)**

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 2

    A.    Fischer's Attempt to Circumvent the Pre-Suit Notice Requirements Under the CLRA ................................................................................. 2

    B.    Fischer's First Amended Complaint .................................................. 5

ARGUMENT ..................................................................................................... 8

I.    THIS LAWSUIT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ............................................................................ 8

    A.    Fischer Lacks Article III Standing to Pursue Any Claims Against Comfrt Based on Her March 6, 2024, Purchase ................................ 9

    B.    Fischer's Request for "Injunctive Relief" Does Not Give The Court Jurisdiction Over This Lawsuit ..................................................... 11

II.    FISCHER'S FIRST AMENDED COMPLAINT FAILS TO STATE VALID CLAIMS FOR RELIEF AGAINST COMFRT ............................ 13

    A.    All of Fischer's Claims Fail Because Fischer Has Not Plausibly Alleged Any Injury Proximately Caused by Comfrt's Alleged Conduct .......................................................................................... 15

    B.    Fischer's Claims Fail for Other Reasons as Well ........................... 16

        1.    All Counts Fail to State Claims for Injunctive Relief............ 16

        2.    Count I Fails to State a Claim for "Disgorgement" Under California's Unfair Competition Law ...................................... 18

**Smith, Gambrell & Russell, L.L.P.**
444 South Flower Street, Suite 1700
Los Angeles, California 90071

3.    Count II Fails to State a Claim for Restitution Under California's False Advertising Law ......................................... 18

4.    Count III Fails to State a Claim for Injunctive Relief or "Actual, Consequential, Punitive, and Statutory Damages" Under the California Consumers Legal Remedies Act ............................ 19

CONCLUSION ................................................................................... 20

**Smith, Gambrell & Russell, L.L.P.**
444 South Flower Street, Suite 1700
Los Angeles, California 90071

ii

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................13, 14

*Barber v. Kone, Inc.*,
118 F. App'x 276 (9th Cir. 2004) ..............................................11

*Becker v. Skype Inc.*,
No. 5:12–CV–06477–EJD, 2014 WL 556697 (N.D. Cal. Feb. 10, 2024) .....................................................................................12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................13, 14

*California v. Texas*,
592 U.S. 659 (2021)...................................................................8

*Cetacean Cmty. v. Bush*,
386 F.3d 1169 (9th Cir. 2004) ...................................................8

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .....................................................11

*DeNike v. Matthew Enterprises, Inc.*,
291 Cal. Rptr. 3d 480 (Cal. Ct. App. 2022)...............................3, 4

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) ....................................................14, 15

*Evans v. Sleep Number Corp.*,
No. 1:24-cv-01136-KES-SAB, 2025 WL 1093332 (E.D. Cal. Apr. 11, 2025) ...........................................................................15, 16, 18

*Gagam v. Gagnon*,
No. 5:22-cv-00680-SSS-SP, 2023 WL 3152298 (C.D. Cal. Mar. 7, 2023) ......................................................................................14

*Jackson v. General Mills, Inc.*,
No. 18cv2634-LAB (BGS), 2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) ......13

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

*Knievel v. ESPN*,
   393 F.3d. 1068 (9th Cir. 2005) ..............................................................17

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ...............................................................................8

*Krystofiak v. BellRing Brands, Inc.*,
   737 F. Supp. 3d 782 (N.D. Cal. 2024) ..................................................15

*Lewis v. Continental Bank Corp.*,
   494 U.S. 472 (1990) .............................................................................10

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ...............................................................................8

*Luman v. Theismann*,
   647 F. App'x 804 (9th Cir. 2016) .........................................................12

*In re PFA Ins. Mktg. Litig.*,
   696 F. Supp. 3d 822 (N.D. Cal. 2022) ..................................................18

*SkinMedica, Inc. v. Histogen Inc.*,
   869 F. Supp. 2d 1176 (S.D. Cal. 2012) .................................................18

*Spokeo, Inc. v. Robbins*,
   578 U.S. 330 (2016)........................................................................8, 9, 10

*Stanford v. Home Depot USA, Inc.*,
   358 F. App'x 816 (9th Cir. 2009) .........................................................10

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021).............................................................................9, 11

*Vess v. Ciba–Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..............................................................14

*Wallingford v. Bonta*,
   82 F.4th 797 (9th Cir. 2023) .................................................................10

*Whitaker v. Tesla Motors, Inc.*,
   985 F.3d 1172 (9th Cir. 2021) ..............................................................14

*Wichansky v. Zoel Holding Co.*,
   702 F. App'x 559 (9th Cir. 2017) ...........................................................9

**Smith, Gambrell & Russell, LLP**
444 South Flower Street, Suite 1700
Los Angeles, California 90071

iv

**Statutes & Other Authorities**

28 U.S.C. § 1332(d)(2)................................................................................11

Cal. Civ. Code §§ 1750, *et seq.*..............................................................2, 8

Cal. Civ. Code § 1782(a)...........................................................................2, 9

Cal. Civ. Code § 1782(b) ....................................................................3, 9, 10

Cal. Bus. & Prof. Code §§ 17200, *et seq.*.............................................7, 8

Cal. Bus. & Prof. Code §§ 17500, *et seq.*...................................................8

Fed. R. Civ. P. 8(a)(2)................................................................................13

Fed. R. Civ. P. 12(h)(3)..............................................................................11

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

COMFRT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

**Smith, Gambrell & Russell, LLP**
444 South Flower Street, Suite 1700
Los Angeles, California 90071

## INTRODUCTION

One of the primary purposes of the California Consumer Legal Remedies Act ("CLRA") is to avoid litigation by encouraging parties to resolve disputes privately without litigation. Thirty days before any lawsuit for damages may be filed, the statute requires a consumer who believes she has been harmed by one of the Act's offending practices to notify the person who allegedly committed those practices and demand that the person take corrective action to remedy the consumer's alleged harm. If the person does so, the consumer is barred from maintaining any action for damages under the Act.

Anna Fischer's lawsuit against Comfrt, LLC is a transparent attempt to circumvent the CLRA. Fischer's counsel first sent Comfrt a pre-suit CLRA notice that did not identify Fischer, thus preventing – by design – Comfrt from taking any of remedial actions permitted and encouraged under the CLRA before a lawsuit was filed. After Comfrt explained that the notice was patently deficient, on February 24, 2025, Fischer did two things: (i) filed this lawsuit; and (ii) sent a proper CLRA notice disclosing Fischer's identity. Again, the purpose was to prevent Comfrt from taking any of the remedial actions encouraged by the CLRA before a lawsuit was filed.

Despite Fischer's gamesmanship, Comfrt responded to Fischer's notice pursuant to the CLRA and fully remedied Fischer's claimed harm. As a result, Fischer no longer has any injury-in-fact that is fairly traceable to any offending conduct by Comfrt. Fischer therefore lacks Constitutional standing to assert claims against Comfrt in this lawsuit, and this action should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. 12(b)(1).[1]

---

[1] As explained below, even if Fischer retained standing under Article III, the First Amended Complaint fails to plausibly state claims against Comfrt and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

COMFRT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

## **BACKGROUND**

### A.    Fischer's Attempt to Circumvent the Pre-Suit Notice Requirements Under the CLRA

This lawsuit effectively began before Fischer's initial Complaint was filed on February 24, 2025.

On February 4, 2025, Fischer's counsel sent a letter to Comfrt. McGill Decl. ¶ 3, Ex. 1. That letter purported to "serve as Notice under [the CLRA], California Civil Code §§ 1750, *et seq.*, and Civil Code § 1782," notifying Comfrt of alleged violations of the CLRA. *Id*. Section 1782 requires a consumer asserting a violation of the CLRA to notify the person alleged to have committed the offending practices and demand that person "correct, repair, replace, or otherwise rectify the goods or services" alleged to violate the Act at least thirty (30) days prior to commencing an action for damages under the statute. Cal. Civ. Code. § 1782(a). The February 4, 2025, letter purported to set forth alleged violations of the CLRA by Comfrt, "demand[ing] that [Comfrt] remedy such violations within thirty days of [Comfrt's] receipt of this letter." *Id*.

The February 4, 2025, letter did not comply with Section 1782. Among other things, the letter did not identify the alleged consumer who supposedly was subject to the alleged CLRA violation described in the letter (the letter referred to the consumer only as counsel's "client"). The letter also failed to provide the product(s) the "client" allegedly purchased, the date of any supposed purchase(s), or the price(s) allegedly paid. Simply put, despite demanding that Comfrt "remedy such violations within thirty days" of counsel's letter, that letter provided no information that would permit Comfrt to do so.

As it turns out, that failure was no accident.

On February 19, 2025, Comfrt, through counsel, responded to counsel's letter by email. McGill Decl. ¶ 4, Ex. 2. Citing the February 4, 2025, letter's failure to identify the alleged consumer on whose behalf it was sent or any of the

2

details of that consumer's alleged transaction with Comfrt (product, price, date, etc.), Comfrt told counsel that the letter did not satisfy the pre-suit notification requirements of Section 1782 of the CLRA. *Id.*

Within five minutes, counsel responded. McGill Decl. ¶ 5, Ex. 3. Instead of suggesting that the omissions Comfrt identified were somehow inadvertent or otherwise the product of oversight, counsel admitted:

> Our drafting was very deliberate. We did not include those details due to the concern your client would attempt to refund our client to (improperly) pick off a CLRA plaintiff.

*Id.*

There nothing "improper" about a merchant providing a remedy – be it a refund or some other type of corrective action – to a complaining consumer under the CLRA. Section 1782 expressly provides that "no action for damages may be maintained under Section 1780 if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice." Cal. Civ. Code § 1782(b). Contrary to counsel's emails, one of the purposes of this provision is to "[a]void[] litigation when appropriate corrective action has been proffered by the merchant." *DeNike v. Matthew Enterprises, Inc.*, 291 Cal. Rptr. 3d 480, 488-89 (Cal. Ct. App. 2022).

What ***was*** "improper" was Fischer's attempt to circumvent the language and purpose of the CLRA, which Fischer effectively conceded she was doing on February 24, 2025. On that day, Fischer, though counsel, finally sent a notice letter that complied with the requirements of the CLRA. McGill Decl. ¶ 6, Ex. 4. But Fischer did so only ***after*** first filing the Complaint in this lawsuit earlier that same day. *Id*. The clear purpose of this strategy was to, once more, attempt to prevent Comfrt from taking any remedial or corrective action to cure Fischer's supposed complaints before Fischer filed a federal lawsuit against Comfrt – again,

COMFRT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

in contravention of the express purpose of Section 1782 of the CLRA. *DeNike*, 291 Cal. Rptr. 3d at 488-89.

Despite Fischer's tactic, Comfrt followed the provisions of Section 1782. On March 24, 2025, within the thirty days allowed by the statute, Comfrt, through counsel, sent a response to the February 24, 2025, CLRA notice letter. McGill Decl. ¶ 7, Ex. 5. The response explained that Comfrt was providing Fischer with a full, complete – and ***unconditional*** – remedy for her purported claims of CLRA violations. *Id*. Comfrt sent Fischer's counsel a check for $138.16, which represented a refund of the full purchase price the notice letter claimed Fischer paid for the items she allegedly purchased, $125, plus interest from the date of that purchase. *Id*. Because Comfrt was providing a full and complete refund of Fischer's purchase, Comfrt also sent counsel a Federal Express package for Fischer to return the items she purchased, with the shipping cost pre-paid.[2] *Id*.

Within 15 minutes of Comfrt's email, Fischer's counsel responded. McGill Decl. ¶ 8, Ex. 6. Admitting yet again that Comfrt providing Fischer with a full and complete remedy "is exactly why we didn't provide our client's name in the initial letter," counsel's email included a lengthy, pre-prepared diatribe citing a string of inapposite cases and railing against Comfrt's compliance with Section 1782. *Id*. Significantly, however, counsel's missive – which was focused on the desire to pursue a case against Comfrt as a purported class action – ***never*** contested that the remedy Comfrt provided to Fischer fully compensated her for her alleged purchase of Comfrt products, returning her to the position she would be in if she had never purchased those products at all. *See id*.

---

[2] Comfrt also offered to reimburse Fischer for any attorneys' fees and costs she incurred in connection with the CLRA notice upon submission of appropriate documentation (because Comfrt has no way of knowing what Fischer's actual fees and costs might be). McGill Decl. ¶ 7, Ex. 5.

**B.    Fischer's First Amended Complaint**

As noted above, rather than follow the pre-suit notification procedures under Section 1782 of the CLRA, Fischer sought to circumvent those procedures by only providing a proper CLRA notice after first filing this lawsuit against Comfrt. To get around the lack of proper notice, Fischer's initial Complaint included a claim under the CLRA but, at least for now, only for purported injunctive relief. Compl. ¶ 85. After Comfrt moved to dismiss that complaint in its entirety, Fischer filed a First Amended Complaint on May 21, 2025 adding one paragraph about Comfrt's response to Fischer's CLRA letter and purporting to assert a claim for damages under the CLRA. 1st Am. Compl. ¶ 86.

Like her original Complaint, Fischer's First Amended Complaint is a curiously crafted pleading. The First Amended Complaint spans 33 pages and contains 86 numbered paragraphs/allegations. Yet, after eliminating the conclusory "Nature of the Action" allegations, 1st Am. Compl. ¶¶ 1-6, allegations identifying Comfrt and purported "DOES 1 to 10," *id*. at ¶¶ 8-9, and allegations regarding jurisdiction and venue, *id*. at ¶¶ 10-14, few of the supposed "factual" allegations preceding the "Class Action Allegations" relate to Fischer specifically. Briefly, those allegations are as follows:

Fischer alleges that she is citizen of California and resident of Los Angeles County who purchased two items from Comfrt's website from her home on March 6, 2024: (i) a pair of sweatpants for $49; and (ii) a hoodie, which she alleges she purchased for $69. *Id*. at ¶¶ 7, 27. Fischer alleges that the total amount she paid was $125, including shipping and taxes. *Id*. at ¶ 7.

Fischer alleges that she visited Comfrt's website to shop, browsed the site, and saw that "nearly every item" had a "Reference Price" that was "crossed out" and a "sale price." *Id*. at ¶ 27. Fischer alleges that the price of the sweatpants was "listed as ~~$75~~ $49," and the price of the hoodie was "listed as ~~120~~ $69." *Id.* (emphasis in original). Fischer alleges that she relied on that price as a

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

"representation that the products . . . had in fact been offered for sale, or previously sold, in the recent past at the stated Reference Price." *Id*. at ¶ 29.

The term "Reference Price" is one defined in the First Amended Complaint, *see* 1st Am. Compl. ¶ 16, and the First Amended Complaint uses that term, with and without the capitalized letters, to allege that the price equates to the price at which a retailer such as Comfrt is to have sold a substantial quantity of the products for a reasonable period of time. *See e.g.*, *id*. at ¶¶ 3, 23. Although Fischer alleges that she relied on that price as a "representation that the products . . . had in fact been offered for sale, or previously sold, in the recent past at the stated Reference Price," *id*. at ¶ 29, the First Amended Complaint alleges no facts supporting such a belief or conclusion about the pricing on the part of Fischer.

Nevertheless, Fischer alleges that she believed that the sweatpants and hoodie "were being offered for a significant discount from the Reference Price." *Id*. at ¶ 29. Contending – "[o]n information and belief" – that the sweatpants and hoodie "were not substantially marked down or discounted, or at the very least, any discount she was receiving had been grossly exaggerated," *id*. at ¶ 30, Fischer alleges that she "would not have purchased the [sweatpants and hoodie], or at the very least, would not have paid as much as she did, had [Comfrt] been truthful." *Id*. at ¶ 34.

Those are the only arguably factual allegations about Fischer. The rest of the supposedly "factual" allegations in the First Amended Complaint are either broad accusations,[3] legal contentions/conclusions (including the elements of legal claims couched as factual allegations),[4] allegations clearly relating to some research or other work performed by counsel, not Fischer,[5] or hearsay.[6] These

---

[3] 1st Am. Compl. ¶¶ 1, 3, 16-18, 26.

[4] *Id*. at ¶¶ 2, 4, 5, 33.

[5] *Id*. at ¶¶ 19-25, 31-32.

[6] *Id*. at ¶¶ 35-40.

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

allegations add nothing, and have no relevance, to **Fischer's** claims against Comfrt.

Indeed, there are number of facts notably absent from Fischer's allegations. For one, as noted above, although the First Amended Complaint makes a number of claims about what the strike-through "Reference Price" means, including specifically referencing "require[ments]" of the Federal Trade Commission and California law, 1st Am. Compl. ¶ 3, Fischer alleges no facts to suggest that she had such a contemporaneous understating of that price or any knowledge of FTC requirements or those under California law. Nor does the First Amended Complaint allege facts explaining how or when, between her purchase on March 6, 2024, and the first (defective) CLRA notice letter on February 4, 2025, Fischer came to the conclusion that she had been misled based on her supposed understanding of the "Reference Price."

More significantly, although contending that she "would not have purchased" the two items at all, or "would not have paid as much as she did," *id*. at ¶ 34, Fischer does not allege facts plausibly supporting either contention. As for the latter, the First Amended Complaint specifically alleges that Fischer purchased the items at prices listed on Comfrt's website. *Id*. at ¶ 27. Fischer does not allege facts showing that those prices were subject to any kind of bartering or negotiation, and thus does not plausibly allege that she "would have," or indeed could have, paid less than those list prices for the two items.

As for not purchasing the sweatpants and hoodie at all, Fischer ignores that although she paid the purchase price, in exchange she also received (and currently possesses) the two items at issue. Fischer does not allege facts showing how the prices at which Comfrt sold those products – $49 and $69 – compared to the prices of other available sweatpants and hoodies, much less sweatpants and hoodies of comparable quality and aesthetic appeal as those sold by Comfrt. Put another way, Fischer does not allege facts plausibly showing that Fischer did not receive

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

7

exactly what she paid for – two items with retail values equal to (or even greater than) the $49 and $69 that she paid.

Instead, based on the few allegations about Fischer outlined above and without any further supporting facts, Fischer asserts three causes of action against Comfrt: (i) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (ii) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and (iii) violation of the CLRA, Cal. Civ. Code §§ 1750, *et seq.*

## **ARGUMENT**

## I.    **THIS LAWSUIT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the Constitution limits a federal court's jurisdiction to cases and controversies. *California v. Texas*, 592 U.S. 659, 668 (2021) ("The Constitution gives federal courts the power to adjudicate only genuine 'Cases' and 'Controversies.'"). "That power includes the requirement that litigants have standing." *Id*.; *Lujan v. Defenders of Wildlife¸* 504 U.S. 555, 560 (1992) ("the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." S*pokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016), citing *Lujan*, 504 U.S. at 560-61 (1992); *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

Injury in fact – "the first and foremost of standing's three elements" – is "a constitutional requirement." *Spokeo*, 578 U.S. at 339. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

COMFRT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.*, citing *Lujan*, 504 U.S. at 560. To be "particularized," an injury "must affect the plaintiff in a personal and individual way." *Id*. To be "concrete," an injury "must be 'de facto'; that is, it must actually exist." *Id.* at 340.

As the Supreme Court has held, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). As the party invoking federal jurisdiction, Fischer bears the burden of establishing each required element of standing. *Spokeo*, 578 U.S. at 338.

## A. Fischer Lacks Article III Standing to Pursue Any Claims Against Comfrt Based on Her March 6, 2024, Purchase

Fischer's lawsuit should be dismissed because Fischer lacks Article III standing to assert any claims against Comfrt based on her March 6, 2024, purchase of Comfrt products. As explained above, the CLRA requires a consumer asserting a violation to notify the alleged wrongdoer and demand that it "correct, repair, replace, or otherwise rectify the good or services" alleged to violate the Act at least thirty (30) days prior to commencing an action for damages. Cal. Civ. Code. § 1782(a). As also explained above, after Fischer sent Comfrt a notice that conformed to the Act's requirements on February 24, 2025, Comfrt timely (*i.e.*, within 30 days) fully addressed Fischer's complaint by providing her with an unconditional full refund of her alleged purchase price, plus interest, as well as an unconditional promise to pay her actual attorneys' fees.[7] McGill Decl. ¶ 7, Ex. 5.

---

[7] Because Comfrt's Rule 12(b)(1) motion raises a factual attack on jurisdiction, the Court "need not presume the truthfulness of [Fischer's] allegations and may look beyond the complaint . . . without having to convert the motion into one for summary judgment." *Wichansky v. Zoel Holding Co.*, 702 F. App'x 559, 560 (9th Cir. 2017) (citation omitted, ellipses in original).

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

As a result of Comfrt's corrective action, Fischer is barred from asserting any claim for her alleged monetary damages under the CLRA. Cal. Civ. Code § 1782(b) ("no action for damages may be maintained under Section 1780 if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice"). But Comfrt's remedy also eliminates Fischer's standing to pursue *any* claims against Comfrt. As the Ninth Circuit has held, a defendant's provision of a complete remedy to a plaintiff in response to a pre-suit CLRA notice eliminates that plaintiff's injury-in-fact and standing under Article III. *Stanford v. Home Depot USA, Inc.*, 358 F. App'x 816, 818-19 (9th Cir. 2009).

To be sure, Fischer tried to game the system by only sending a proper CLRA notice *after* she had already commenced this lawsuit, no doubt seeking to avoid the consequences under Section 1782(b) and *Stanford* of any remedial action that Comfrt might take in response. But Fischer's ploy fails. Even if the Court were inclined to sanction Fischer's *post-suit* CLRA notice tactic (and it should not), "it is not enough that a dispute was very much alive when suit was filed." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990). Article III's "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Id*. If "at any point during the proceedings [there] is no longer a 'Case' or 'Controversy' for purposes of Article III," the case is "outside the jurisdiction of the federal courts." *Wallingford v. Bonta*, 82 F.4th 797, 800 (9th Cir. 2023) (citing *United States v. Sanchez-Gomez*, --- U.S. ---, 138 S.Ct. 1532 (2018)).

That is the case here. Fischer has been made whole. She no longer has any "injury-in-fact . . . that is fairly traceable" to the advertising by Comfrt that she challenges in her First Amended Complaint. S*pokeo*, 578 U.S. at 338. Fischer lacks Article III standing to pursue any claims against Comfrt based on her March 6, 2024, purchase, and this case should be dismissed for lack of subject matter

10

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

## B. Fischer's Request for "Injunctive Relief" Does Not Give The Court Jurisdiction Over This Lawsuit

In addition to seeking monetary relief from Comfrt, Fischer also purports to seek injunctive relief. *See* 1st Am. Compl. ¶¶ 70-71, 78, 85. Fischer's request for this relief does not save this Court's jurisdiction for two reasons.

First, this is a diversity case asserting only state law claims based on Fischer's alleged $125 purchase. 1st Am. Compl. ¶¶ 7, 27, 52-85. The only basis alleged for this Court's subject matter jurisdiction is the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), based on Fischer's allegations that "there are over 100 members of the proposed class" and that "the total matter in controversy exceeds $5,000,000." 1st Am. Compl. ¶ 10. "Federal jurisdiction is presumed not to exist unless the contrary affirmatively appears." *Barber v. Kone, Inc.*, 118 F. App'x 276, 278 (9th Cir. 2004) (citation omitted). Whatever merit there may have been to Fischer's conclusory "amount in controversy" allegation in a case where Fischer has standing to assert claims for monetary relief, there are no "amount in controversy" allegations in the First Amended Complaint to plausibly support this Court's subject matter jurisdiction under the Class Action Fairness Act over Fischer's state law claims seeking injunctive relief.

Second, Fischer lacks standing to pursue claims for injunctive relief in any event. As noted above, a plaintiff such as Fischer must not only demonstrate standing – *i.e.*, injury-in-fact – for each claim she asserts, but also for each form of relief she seeks. *TransUnion LLC*, 594 U.S. at 431. "For injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488

11

(2009)). "Past wrongs" are insufficient. *Id*. "[T]he 'threatened injury must be *certainly impending* to constitute injury in fact.'" *Id*. (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)) (emphasis in original). "'[A]llegations of *possible* future injury are not sufficient.'" *Id*. (emphasis in original).

Fischer fails to allege facts plausibly showing any "actual or imminent" as opposed to "conjectural or hypothetical" risk of future harm based on Comfrt's advertising. For one, Fischer does not allege that she will ever buy another item from Comfrt's website. The most Fischer alleges that is that she "desires to shop at [Comfrt's] online store in the future," 1st Am. Compl. ¶ 34, not that she will ever actually "buy" anything (sweatpants and hoodies are not daily necessities that one would expect to purchase over and over again). Fischer's "desires to shop" allegation is insufficient to establish any "threatened injury" to Fischer posed by Comfrt's website, let alone an injury that is "certainly impending." *Luman v. Theismann*, 647 F. App'x 804, 807 (9th Cir. 2016) ("Because Plaintiffs do not allege that they intend to purchase SBP in the future, they cannot demonstrate a likelihood of future injury."); *Becker v. Skype Inc.*, No. 5:12–CV–06477–EJD, 2014 WL 556697, at *3 (N.D. Cal. Feb. 10, 2024) (mere assertion of the intention to do something in the future is not sufficient to confer standing).

But even putting aside Fischer's failure to allege an imminent threatened injury, Fischer's First Amended Complaint establishes that she is perfectly able to determine whether she can rely on Comfrt's price advertising. A primary reason Fischer alleges that Comfrt's advertising was supposedly false is because when she "browsed the site" she "observed that nearly every item offered had a Reference Price that was crossed out and a sale price." 1st Am. Compl. ¶ 27. In support, Fischer incorporates Comfrt's website into her First Amended Complaint to show how "images captured on February 23, 2025" from that website show that "[a]ll or nearly all [Comfrt] products on the site are represented as being significantly marked down from a substantially higher or original reference price,

12

which is prominently displayed to the consumer as being the supposed original price." *Id*. at ¶ 16.

If Fischer was able to "browse" Comfrt's website on February 23, 2025, to determine whether the pricing appeared problematic and thus unreliable, she can certainly do so if she "desires to shop" on that website in the future. Fischer therefore lacks standing to assert a claim for injunctive relief for this reason as well. *See e.g.*, *Jackson v. General Mills, Inc.*, No. 18cv2634-LAB (BGS), 2020 WL 5106652, at *5-6 (S.D. Cal. Aug. 28, 2020) (plaintiff lacks standing to seek injunctive relief where facts in complaint demonstrate she can determine if advertising is reliable).

## II.   FISCHER'S FIRST AMENDED COMPLAINT FAILS TO STATE VALID CLAIMS FOR RELIEF AGAINST COMFRT

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint, however, must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must plead facts "sufficient to make the claim of unlawful conduct—*i.e.*, that the plaintiff is 'entitled to relief'—plausible." *Id*. at 555-556.

Factual conclusions are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"). Nor are legal conclusions. *Id*. ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Only "well-pleaded factual allegations" may be credited in determining whether a complaint "plausibly give[s] rise to an entitlement to relief." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

COMFRT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

'show[n]'–'that the pleader is entitled to relief.'" *Id.*, citing Fed. R. Civ. P. 8(a)(2).[8]

As the Ninth Circuit has recognized, "[t]aken together, *Iqbal* and *Twombly* require well-pleaded facts . . . that plausibly give rise to an entitlement to relief." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1172, 1176 (9th Cir. 2021); *see also Gagam v. Gagnon*, No. 5:22-cv-00680-SSS-SP, 2023 WL 3152298, at *1 (C.D. Cal. Mar. 7, 2023) ("To state a plausible claim for relief, the complaint must contain sufficient allegations of underlying facts to support its legal conclusions") (citation omitted).

"Establishing the plausibility of a complaint's allegations is a two-step process." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014). First, "a court should 'identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* at 996, citing *Iqbal*, 556 U.S. at 1951 ("We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth"). "Conclusions" to be disregarded include not only express legal conclusions, but also conclusory factual contentions and legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 690-81 (conclusory allegations of misconduct are not entitled to presumption of truth); *Whitaker*, 985 F.3d at 1176 ("courts need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements") (citation omitted). Second, after "identifying the allegations in the complaint that are not entitled to the assumption of truth," *Iqbal*, 556 U.S. at 680, a court should "'assume the[] veracity' of 'well-pleaded factual allegations' and 'determine

---

[8] Counts I and II of Fischer's First Amended Complaint assert claims for unlawful, unfair and fraudulent practices under the UCL and FAL. 1st Am. Compl. ¶¶ 52-78. Claims alleging these practices sound in fraud and are subject to the heightened pleading requirements of Rule 9(b). *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

whether they plausibly give rise to an entitlement to relief.'" *Eclectic Props. East, LLC*, 751 F.3d at 996, citing *Iqbal*, 556 U.S. at 669.

Applying the above rules, even if Fischer retained some measure of Article III standing, and she does not, her First Amended Complaint fails to plausibly state UCL, FAL and CLRA claims against Comfrt in any event.

## A. All of Fischer's Claims Fail Because Fischer Has Not Plausibly Alleged Any Injury Proximately Caused by Comfrt's Alleged Conduct

Fischer's First Amended Complaint purports to assert three causes of action against Comfrt: (i) violation of the UCL; (ii) violation of FAL; and (iii) violation of the CLRA. To state a claim under each of these statutes, Fischer was required to allege, among other things, facts plausibly showing that she suffered an injury or damage as a result of the purported practices by Comfrt. *See Krystofiak v. BellRing Brands, Inc.*, 737 F. Supp. 3d 782, 799 (N.D. Cal. 2024) (claims for misrepresentation or omission under UCL, FAL and CLRA all require "(1) misrepresentation or omission, (2) reliance, and (3) damages").

All of Fischer's claims against Comfrt fail for the simple reason that Fischer has not alleged facts plausibly showing that she suffered any injury as a result of the conduct challenged in her First Amended Complaint. Although Fischer alleges (on information and belief) that she was misled by Comfrt's strike-though pricing at the time that she purchased the products from Comfrt on March 6, 2024, 1st Am. Compl. ¶¶ 27-30, Fischer does not allege facts plausibly showing that she did not receive exactly what she paid for – two items with retail values equal to the prices that she paid. As a result, Fischer has not plausibly pled that she suffered any injury or damages as a result of any conduct by Comfrt.

*Evans v. Sleep Number Corp.*, No. 1:24-cv-01136-KES-SAB, 2025 WL 1093332 (E.D. Cal. Apr. 11, 2025), is on point. In *Evans*, the plaintiff purchased a mattress from Sleep Number for $719.20 based on advertising displaying an

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

original strike-through price of $899. 2025 WL 1093332, at *1. Like Fischer, the plaintiff alleged that the strike-though price was fictitious, "perpetual" "reference pricing," and that Sleep Number did not in fact offer or sell the mattress for the reference price. *Id*. The plaintiff alleged, like Fischer, that "had she known 'the truth,' she would not have purchased the mattress or would have paid less for it." *Id*. at *2. And also like Fischer, the plaintiff asserted claims against Sleep Number under UCL, FAL and CLRA, as well as for fraud. *Id*.

The court dismissed Evans' claims, including her claims under the UCL, FAL and CLRA. *Id*. at *7-10. The court found that Evans had failed to plausibly allege she suffered any cognizable injury or damage compensable under the various statutes. As the court explained:

> While there are ample allegations regarding that the strike-through price was not the prevailing market price . . . Plaintiff has pleaded nothing in the way that the price she actually paid for (*i.e.*, damages). . . . Plaintiff has provided no allegations that the mattress she bought was not in fact worth what she actually paid for it notwithstanding the purported reference pricing.

*Id*. at *10.

The same is true here. Fischer has made a number of allegations regarding Comfrt's alleged strike-though pricing and whether it represented a prevailing price for the Comfrt products, but she has not alleged that the sweatpants and hoodie she purchased were not worth, at retail, the $49 and $69 that she paid.

**B.    Fischer's Claims Fail for Other Reasons as Well**

**1.    All Counts Fail to State Claims for Injunctive Relief**

For each of the claims Fischer asserts, she purports to seek, among other things, injunctive relief. *See* 1st Am. Compl. ¶ 70 (Count I, UCL), ¶ 78 (Count II, FAL), ¶ 85 (Count III, CLRA). Although phrased in slightly different ways, the

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

injunctive relief Fischer seeks in each count is the same: to change the way Comfrt advertises its products with strike-though pricing on its website.

Putting aside Fischer's lack of Article III standing to seek injunctive relief, Fischer's First Amended Complaint fails to state a claim for that relief because Comfrt's website, which Fischer cites in her First Amended Complaint and is central to her claims,[9] has already been modified to explain precisely what Comfrt's strike-though pricing represents. Specifically, the website has a hyperlink for consumers to access the "Details" of the price, which displays Comfrt's "Pricing Policy":

Pricing Policy-

The "original" or "regular" price displayed on this page is based on a number of factors that include cost, profit margin, expected demand, inventory levels, competition and promotional activity, such as sales and coupons. These prices are reflective of an actual, bona fide price at which the given individual Comfrt product was offered for sale to the public for a reasonably substantial period of time. That means Comfrt offered this product for sale at that price, though we may not have sold the item at that price. So, the savings we show from these prices may not be based on actual sales of the items at the higher price. In addition, some "original" or "regular" prices may not have been in effect during the past 90 days, and intermediate markdowns may have been taken. Limited quantities, while supplies last.

Savings Based on Offering Prices, Not Actual Sales.

---

[9] Under the incorporation by reference doctrine, the Court may consider documents and other materials, including Comfrt's website, that are referenced in Fischer's First Amended Complaint and central to her claims. *Knievel v. ESPN*, 393 F.3d. 1068, 1076-1077 (9th Cir. 2005).

COMFRT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

*See, e.g.*, https://comfrt.com/products/affirmation-hoodie. Because Comfrt's website already discloses the details of the strike-though or "reference" price, Fischer fails to plausibly state a claim for injunctive relief.

### 2. Count I Fails to State a Claim for "Disgorgement" Under California's Unfair Competition Law

Count I asserts a claim against Comfrt under the UCL, 1st Am. Compl. ¶¶ 52-71, for which Fischer seeks two forms of relief: (i) injunctive relief, *id*. at ¶ 70; and (ii) "disgorgement of all moneys received by [Comfrt] through the conduct described above," *id*. at ¶ 69. Count I should be dismissed because, as explained above, Fischer fails to state a claim for injunctive relief, non-restitutionary disgorgement is not a remedy available under the UCL, *In re PFA Ins. Mktg. Litig.*, 696 F. Supp. 3d 822, 836 (N.D. Cal. 2022), *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1184-85 (S.D. Cal. 2012), and Fischer does not allege that the sweatpants and hoodie were worth less (at retail) than the prices she paid and thus fails to plausibly state a claim for restitution. *See Evans*, 2025 WL 1093332, at *7-8.

### 3. Count II Fails to State a Claim For Restitution Under California's False Advertising Law

In Count II, Fischer purports to assert a claim under the FAL. 1st Am. Compl. ¶¶ 72-73. As with her UCL claim, Fischer seeks two forms of relief: (i) injunctive relief; and (ii) restitution. *Id*. at ¶ 78 ("Plaintiff requests that this Court order Defendants to restore this money to Plaintiff . . . and to enjoin Defendants from continuing their false and misleading advertising practices . . ."). Like her UCL claim, Count II should be dismissed because Fischer fails to state a claim for injunctive relief and fails to plausibly state a claim for restitution under the FAL. *Evans*, 2025 WL 1093332, at *7-8.

COMFRT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

4.    Count III Fails to State a Claim for Injunctive Relief or "Actual, Consequential, Punitive, and Statutory Damages" Under the California Consumers Legal Remedies Act

Count III asserts a claim against Comfrt under the CLRA, 1st Am. Compl. ¶¶ 79-86, again seeking (apparently) injunctive relief and damages, *id*. ¶ 86. This Count should be dismissed because Fischer fails to state a claim for injunctive relief, and as explained above, Comfrt has already refunded Fischer the full amount of her alleged purchase, plus interest.[10] McGill Decl. ¶ 7, Ex. 5. Fischer therefore no longer has any claim for damages under the CLRA.

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

---

[10] Just as the Court may consider Comfrt's website under the incorporation by reference doctrine, it may also consider Comfrt's response to Fischer's February 24, 2025 CLRA letter, which is referred to in the First Amended Complaint and central to Fischer's claim for damages under the CLRA. *See* 1st Am. Compl. ¶ 86; *Knievel*, 393 F.3d. at 1076.

19

## **CONCLUSION**

For all of the foregoing reasons, Fischer lacks Article III standing to assert any of the claims against Comfrt in the First Amended Complaint. This Court therefore lacks subject matter jurisdiction over this lawsuit, and it should be dismissed pursuant to Fed. R. Civ. 12(b)(1). But even if Fischer had standing, the First Amended Complaint fails to plead plausible claims against Comfrt for any of the relief sought and should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: May 30, 2025                              Respectfully Submitted,


                                                  */s/  James J. Boland*

                                                 Anne K. Edwards (SBN 110424)
                                                 SMITH, GAMBRELL & RUSSELL, LLP
                                                 444 South Flower Street, Suite 1700
                                                 Los Angeles, California 90071
                                                 Telephone: (213) 358-7210
                                                 aedwards@sgrlaw.com


                                                 Jeremy D. Richardson
                                                 (*admitted pro hac vice*)
                                                 James J. Boland
                                                 (*admitted pro hac vice*)
                                                 SMITH, GAMBRELL & RUSSELL, LLP
                                                 1301 Avenue of the Americas, 15th Floor
                                                 New York, New York
                                                 Telephone: (212) 907-9700
                                                 jrichardson@sgrlaw.com
                                                 jboland@sgrlaw.com


                                                 *Attorneys for Defendant Comfrt, LLC*

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Comfrt, LLC, certifies that this brief contains 6,102 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 30, 2025                         Respectfully Submitted,


                                            /s/ *James J. Boland*
                                            James J. Boland

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

**PROOF OF SERVICE**

*ANNA FISCHER v. COMFRT LLC*
Case No. 2:25-cv-01574 CAS-AGR

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 South Flower Street, Suite 1700, Los Angeles, CA 90071-2901.

On May 30, 2025, I served true copies of the following document(s) described as

- **COMFRT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – SUPPORTING DECLARATION OF PATRICK McGILL (FILED CONCURRENTLY)**
- **DECLARATION OF PATRICK McGILL IN SUPPORT OF COMFRT, LLC'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**
- **(PROPOSED) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

on the interested parties in this action as follows:

| | |
|---|---|
| KJC LAW GROUP, A.P.C<br>Kevin J. Cole (SBN 321555)<br>W. Blair Castle (SBN 354085)<br>9701 Wilshire Blvd., Suite 1000<br>Beverly Hills, CA 90212<br>Telephone: 310.861.7797<br>Email: kevin@kjclawgroup.com | *Attorneys for Plaintiff*<br>ANNA FISCHER |

• **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **May 30, 2025**, at Los Angeles, California.

_/s/ Verastine Mills_
Verastine Mills