**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
kevin@kjclawgroup.com
W. Blair Castle (SBN 354085)
blair@kjclawgroup.com
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

Attorneys for Plaintiff
*Anna Fischer*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA FISCHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMFRT, LLC, a Florida limited liability company,<br><br>Defendants. | Case No.: 2:25-cv-01574-CAS-AGR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Christina A. Synder<br>Courtroom: 8D<br>Date: June 30, 2025<br>Time: 10:00 a.m.<br><br><br>Complaint filed: February 24, 2025<br>Trial Date: None |

# **TABLE OF CONTENTS**

I. BACKGROUND ..........................................................................................................5

II. LEGAL STANDARD ..................................................................................................6

III. ARGUMENT ................................................................................................................6

   A. Plaintiff procedurally complied with the CLRA. .......................................................6

   B. Plaintiff has Standing to Pursue Her Claims. .............................................................8

      1. Defendant's refund offer does not deprive Plaintiff of Article III standing. ..........8

      2. Defendant's refund offer does satisfy the CLRA. ..................................................10

      3. Plaintiff has standing to pursue her claims for injunctive relief. ..........................12

   C. Plaintiff has Adequately Pleaded her Claims. ............................................................12

      1. Plaintiff has a cognizable injury. ............................................................................12

      2. Plaintiff has stated a claim for injunctive relief. ...................................................14

      3. Restitutionary Disgorgement is permitted under UCL. .......................................15

      4. Plaintiff has stated claims for restitution under the FAL and damages under CLRA. ...............................................................................................................................15

IV. CONCLUSION ............................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)..................................................................5

*Baghdasarian v. Amazon.com, Inc.*, Case No. 05-cv-08060, 2006 WL 8434740, *6 (C.D. Cal. Oct. 23, 2006)................................................................................................9, 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).....................................................5

*Calcagno v. Kipling Apparel Corp*, No. 23-cv-2247, 2024 WL 3261205, *10 (S.D. Cal. July 1, 2024) ...............................................................................................................11

*Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016)...............................................6, 8

*Carvalho v. HP, Inc.*, No. 21-cv-08015, 2022 WL 2290595, *5 (N.D. Cal. June 24, 2022) ...................................................................................................................................13

*Castanares v. Deutsche Lufthansa AG*, Case No. CV 20-4261-MWF (MRWx), 2021 WL 811455, at *1 (C.D. Cal. Jan. 26, 2021) .....................................................................8

*Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1148–49 (9th Cir. 2016 .......................................8

*Clayworth v. Pfizer, Inc.*, 49 Cal.4th 758, 789 (2010).........................................................9

*Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1200 (S.D. Cal. 2021) .............6

*Davidson v. Kimberly-Clark*, 889 F.3d 956, 969–70 (9th Cir. 2018)................................11

*Gonzalez v. Children's Place, Inc.*, No. SACV 22-0816, 2024 WL 5413173, *10 (C.D. Cal. Nov. 21, 2024) ....................................................................................................12

*Hill v. LLR, Inc.*, Case No. CV 18-120-GF-BMM-KLD, 2020 WL 5887754, at *2-3 (D. Mont. Oct. 5, 2020) ......................................................................................................9

*Hinojos v. Kohl's Corp.*, 718 F.3d 1098 (9th Cir. 2013) ..........................................7, 8, 12

*In re Tobacco Cases II*, 240 Cal. App. 4th 779, 792 (2015) .............................................12

*Jacobs v. La-Z-Boy Inc.*, 2:24-cv-04446, 2024 WL 5194976, *5 (C.D. Cal. Nov. 14, 2024) .....................................................................................................................12, 13

*Kagan v. Gibraltar Sav. & Loan Ass'n*, 35 Cal.3d 582, 593 (1984) .................................10

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018).......................5

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir.2012) ..................................8

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 643 (2009) ..............................................10

*MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1317–18 (11th Cir. 2019).........9

No. 1:24-cv-01136, 2025 WL 1093332, *10 (E.D. Cal. Apr. 11, 2021)......................11, 12

*Norton v. LVNV Funding, LLC*, Case No. 18-cv-05051-DMR, 2020 WL 5910077, at *9
  (N.D. Cal. Oct. 6, 2020) ..................................................................................................9

*Nunez v. Saks Incorporated*, 771 F. App'x 401, 402 (9th Cir. 2019)...................................7

*Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016) (citations omitted)
  ......................................................................................................................................10

*Russell v. Kohl's Dep't Stores, Inc.*, 2015 WL 12781206, at *4 (C.D. Cal. Oct. 6, 2015)
  ................................................................................................................................12, 13

*SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1184 (S.D. Cal. 2012)............14

*Spann v. J.C. Penney* 307 F.R.D. 508, 533 (C.D. Cal. 2015), *modified*, 314 F.R.D. 312
  (C.D. Cal. 2016) ...........................................................................................................13

*Stanford v. Home Depot USA, Inc.*, 358 F. App'x 816 (9th Cir. 2009)...............................8

*Stromberg v. Ocwen Loan Servicing, LLC*, No. Case No. 15-cv-04719, 2017 WL
  2686540 (N.D. Cal. June 22, 2017)................................................................................8

*Van v. LLR, Inc.*, 962 F.3d 1160, 1164 (9th Cir. 2020).......................................................8

*Vizcarra v. Unilever United States, Inc.*, No. 4:20-CV-02777-YGR, 2020 WL 4016810,
  at *2–3 (N.D. Cal. July 16, 2020)...............................................................................6, 10

*Williams v. State*, 764 F.3d 1002, 1007 (9th Cir. 2014) ......................................................5

**Statutes**

Cal. Civ. Code § 1782(b) .....................................................................................................9

Cal. Civ. Code § 1782(d) .....................................................................................................6

Cal. Civ. Code §§ 1750........................................................................................................5

Cal. Bus. & Prof. Code §§ 17500, *et seq*. ...........................................................................5

Cal. Bus. & Prof. Code §§ 17200 ........................................................................................5

4
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Anna Fischer ("Ms. Fischer" or "Plaintiff") submits this response in opposition to Defendant COMFRT, LLC's ("COMFRT" or "Defendant") Motion to Dismiss Class Action Complaint (ECF No. 14), and states as follows:

## I. BACKGROUND

Defendant is an online retailer of hoodies, sweatpants, and other clothing items. ECF No. 21 at ¶ 15. Plaintiff purchased a hoodie and a pair of sweatpants from Defendant's website on March 6, 2024. *Id.* at ¶ 27. The hoodie was priced at ~~$120~~ $69 and the sweatpants were priced at ~~$75~~ $49. *Id*. Plaintiff saw that the two products were supposedly marked down from reference prices of $120 and $75. *Id.* at ¶ 28–29. As a result, Plaintiff purchased the two products relying on Defendant's representation that the products were in fact on sale. *Id.* However, in reality, the products were not on sale because the products had not been offered on Defendant's website for any reasonably substantial period of time—if ever—at their full reference prices. *Id*. at ¶ 30. In fact, the products are perpetually on sale such that the advertised reference prices do not reflect their true value. *Id*. at ¶¶ 15–26.

Based Defendant's false reference pricing, Plaintiff sent a pre-suit notice letter under the California Consumer Legal Remedies Act (the "CLRA") on February 4, 2025. ECF No. 23-1 at 5. Plaintiff's initial CLRA letter did not identify Plaintiff by name, but identified Defendant's reference pricing scheme and demanded Defendant remedy the violation on behalf of a class of consumers. *Id*. Plaintiff sent a second CLRA letter, nearly identical to the first, on February 24, 2025. *Id*. at 15. The second CLRA letter included Plaintiff's name and her purchase information. *Id*.

Simultaneously with her second letter, Plaintiff filed this class action asserting causes of action for violations of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq*.); California's False Advertising Law ("FAL") (Bus. & Prof. Code §§ 17500, *et seq*.); and the CLRA (Cal. Civ. Code §§ 1750, *et seq*.). ECF No. 1. Plaintiff's CLRA claim only requested injunctive relief and did not include a claim for

damages. *Id*. Plaintiff later amended her complaint to assert a claim for CLRA damages on May 21, 2025. ECF No. 21.

On March 24, 2025, Defendant offered to refund Plaintiff's purchases. ECF No. 23-1 at 61. Plaintiff did not accept.

## II.   LEGAL STANDARD

A party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is warranted if a claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (quotation omitted). "[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* In other words, "a [pleading] must set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Williams v. State*, 764 F.3d 1002, 1007 (9th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading will not withstand dismissal if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.   ARGUMENT

### A.   Plaintiff procedurally complied with the CLRA.

Although immaterial to Defendant's ultimate arguments, Defendant references two procedural practices implemented by Plaintiff for which Defendant cries gamesmanship. Plaintiff will briefly address those two points.

*First*, Defendant contends Plaintiff's initial CLRA letter (sent on February 4, 2025) was defective because "despite demanding that [Defendant] 'remedy' such violations within thirty days' of counsel's letter, that letter provided no information that would permit Comfrt to do so." ECF No. 23 at 2. While true Plaintiff's initial CLRA letter did not identify the Plaintiff's name or date of purchase, the letter described the alleged violations (i.e., Defendant's false reference pricing), and demanded that Defendant remedy them on behalf

6

of a class. This was sufficient to put Defendant on notice such that Defendant could take corrective action for the class. *Vizcarra v. Unilever United States, Inc.*, No. 4:20-CV-02777-YGR, 2020 WL 4016810, at *2–3 (N.D. Cal. July 16, 2020) (discussing CLRA letter requirements and finding CLRA letter sufficient even though the named plaintiff was not named in the CLRA letter because the named plaintiff was part of the class and explaining that resolution of CLRA claims asserted on behalf of a class "requires more than simply correcting the allege CLRA violation with to respect to an individual consumer").[1]

    *Second*, assuming Plaintiff's initial CLRA letter was defective, Defendant also suggests it was improper or "gamesmanship" for Plaintiff to file her CLRA claim for injunctive relief only while simultaneously sending a proper CLRA letter (which was sent on February 24, 2024). However, Defendant ignores that "notice is not required where a plaintiff seeks only injunctive relief." *Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1200 (S.D. Cal. 2021) (citing Cal. Civ. Code § 1782(d)). Rather, "[s]ection 1782(d) allows a plaintiff to file a complaint for injunctive relief under the CLRA without the notice requirement and permits the plaintiff to subsequently amend the complaint to include a request for damages." *Id.*; *see also* Cal. Civ. Code § 1782(d) ("Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages."). Thus, since Plaintiff's original complaint only sought injunctive relief for her CLRA claim, Plaintiff was permitted to file her complaint without sending any sort of pre-suit notice.

---

[1] Moreover, Plaintiff's initial CLRA letter offered to, in agreement with the principles stated in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), "upon reasonable request . . . [to] provide [Defendant] additional information about [Plaintiff's] purchase . . . ," negating any intent to "game the system" as Defendant suggests.

**B.     Plaintiff has Standing to Pursue Her Claims.**

**1.     Defendant's refund offer does not deprive Plaintiff of Article III standing.**

Beyond that, Plaintiff has Article III standing to pursue her UCL, FAL, and CLRA claims regardless of Defendant's refund offer. The Ninth Circuit in *Hinojos v. Kohl's Corp.* described the economic injury at issue best: "Most consumers have, at some point, purchased merchandise that was marketed as being 'on sale' because the proffered discount seemed too good to pass up" and "Retailers, well aware of [this], [] have an incentive to lie to their customers by falsely claiming that their products have previously sold at a far higher original' price in order to induce customers to purchase merchandise at a purportedly marked-down 'sale' price." 718 F.3d 1098, 1101 (9th Cir. 2013). Thus, "when a consumer purchases merchandise on the basis of false price information, and when the consumer alleges that he would not have made the purchase but for the misrepresentation, he has standing to sue under [the UCL, FAL, and CLRA] because he has suffered an economic injury." *Id.*; *see also Nunez v. Saks Incorporated*, 771 F. App'x 401, 402 (9th Cir. 2019) ("He alleges sufficient economic injury: that he purchased a pair of Saks Fifth Avenue branded shoes and that he would not have purchased the shoes but for his reliance on the allegedly fictitious inflated "Market Price" on the shoes' price tag.").

Here, Plaintiff's economic injury is simple: Defendant misled her (and others) into believing the products she (they) purchased were on sale when, in fact, they were not. And so, "there is no difficulty in this case" when it comes to Plaintiff's Article III standing because where, as here, "Plaintiffs contend that class members paid more for [a product] than they otherwise would have paid, or bought it when they otherwise would not have done so" they have suffered an Article III injury in fact. *Hinojos*, 718 F.3d at 1104 n.4 (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir.2012)).

Critically, Defendant's offer to refund Plaintiff's purchase does not interrupt this principle as Plaintiff did not accept Defendant's refund offer.[2] In *Campbell-Ewald Co. v. Gomez*, the Supreme Court held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." 577 U.S. 153, 165 (2016); *see also Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1148–49 (9th Cir. 2016) ("Under Supreme Court and Ninth Circuit case law, a claim becomes moot when a plaintiff *actually receives* complete relief on that claim, not merely when that relief is offered or tendered.") (emphasis in original). And even if it did, a class action plaintiff, "would still be able to seek class certification." *Chen*, 819 F.3d at 1142–44; *see also Stromberg v. Ocwen Loan Servicing, LLC*, No. Case No. 15-cv-04719, 2017 WL 2686540, *8 (N.D. Cal. June 22, 2017) (recognizing that "a named plaintiff's claim is transitory in nature and may otherwise evade review in light of a defendant's tactic of picking off lead plaintiffs to avoid a class action.") (cleaned up).

Going a step further, many courts throughout the Ninth Circuit have held that even a plaintiff who receives a refund maintains standing to pursue a consumer-based injury. *See Van v. LLR, Inc.*, 962 F.3d 1160, 1164 (9th Cir. 2020) (defendant improperly charged sales tax but refunded the money to plaintiff; nonetheless, the plaintiff had standing to sue because she had lost the use of her money before receiving the refund; "In sum, we hold that the temporary loss of use of one's money constitutes an injury in fact for purposes of Article III."); *see also Castanares v. Deutsche Lufthansa AG*, Case No. CV 20-4261-MWF (MRWx), 2021 WL 811455, at *1 (C.D. Cal. Jan. 26, 2021) ("Even though Plaintiffs received a refund before filing the First Amended Complaint ('FAC'), they have standing because loss of the use of one's money constitutes a concrete and redressable injury for

---

[2] Defendant's reliance on *Stanford v. Home Depot USA, Inc.* is inapposite because that case does not stand for the proposition that the refund of a consumer payment for a product deprives a plaintiff of standing. 358 F. App'x 816 (9th Cir. 2009). Rather, that case concerned the timing of hot-water heater permit inspection, and at the time the plaintiff filed his case, he still "had months to schedule and complete the required inspection," and so plaintiff did not satisfy the existence of an actual injury. *Id*. at 818–19. The refund of an alleged excess permit charge was only part of the equation. *See id*.

Article III purposes."); *Norton v. LVNV Funding, LLC*, Case No. 18-cv-05051-DMR, 2020 WL 5910077, at *9 (N.D. Cal. Oct. 6, 2020) ("Her claim accrued at the moment she paid money to which Defendants were not entitled, notwithstanding any repayment of the sums."); *Hill v. LLR, Inc.*, Case No. CV 18-120-GF-BMM-KLD, 2020 WL 5887754, at *2-3 (D. Mont. Oct. 5, 2020) (even if a plaintiff receives a full refund including interest before filing her lawsuit, she still has standing to sue).³

Thus, Plaintiff has Article III standing to pursue each of her claims regardless of Defendant's refund offer because Plaintiff was misled into purchasing Defendant's product causing her to part with her money, even if temporarily.

### 2. Defendant's refund offer does satisfy the CLRA.

Moreover, Defendant's refund offer does not satisfy CLRA Section 1782(c) and thus does not deprive Plaintiff of standing. A defendant may avoid an individual clahinoim for damages "if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the [CLRA] notice." Cal. Civ. Code § 1782(b). However, "section 1782(b) is only controlling if the plaintiff notified the defendant of an individual grievance." *Baghdasarian v. Amazon.com, Inc.*, Case No. 05-cv-08060, 2006 WL 8434740, *6 (C.D. Cal. Oct. 23, 2006).

On the other hand, where the action for damages is maintained as a class action, a defendant may only avoid an action for damages where:

(i)  all consumers similarly situated have been identified;

(ii) all consumers so identified have been notified that upon their request, the defendant shall take the appropriate corrective action;

---

³ *See also MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1317–18 (11th Cir. 2019) (finding an injury-in-fact despite that the refund was issued to the plaintiff before her lawsuit was filed); *Clayworth v. Pfizer, Inc.*, 49 Cal.4th 758, 789 (2010) (finding that the plaintiffs had UCL standing even though they were able to fully mitigate their economic losses because a party's inability to "prove a right to damages . . . does not demonstrate that it lacks standing to argue for its entitlement to them").

  (iii) the corrective action has been, or in a reasonable time shall be, taken; and

  (iv) the defendant has ceased from engaging in, or within a reasonable time will cease to engage in, the challenged conduct.

*See* Cal. Civ. Code § 1782(c); *see also Baghdasarian*, 2006 WL 8434740 at *6 ("In the present case, Plaintiff notified [Defendant] of a class grievance . . . [a]ccordingly, the controlling regulation is California Civil Code section 1782(c).").

  In this case, Defendant has not taken a single step to provide corrections to, or even notify, the putative class, and as a result, Defendant's refund offer is insufficient. *Vizcarra*, 2020 WL 4016810 at * 3 ("In that circumstance, the person served with the demand letter cannot negate the class claims for damages unless the person offers to provide appropriate corrections to all members of the class of consumers.").

  Instead, Defendant has improperly attempted to "pick off" a class action plaintiff. Indeed, "[u]nder California law, [], that sort of 'picking off' of class plaintiffs is ineffective [as] '[o]nce a person has been the victim of a proscribed practice under the CLRA and makes a demand on behalf of a class, remedying the plaintiff's individual complaint does not disqualify her as class representative.'" *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016) (citations omitted).[4] "Instead, to defeat a class action based on practices proscribed under the CLRA, the defendant 'must adequately notify the members of the class and provide an opportunity for an appropriate remedy for the defective goods

---

[4] *See also Vizcarra*, 2020 WL 4016810, *3 n.1 (rejecting argument that "the purpose of the notice requirement in section 1782(a) is to provide the defendant with the opportunity to 'pick off' potential class representatives by resolving the individual claims of the potential class representatives" and noting that "[s]uch an argument is inconsistent with the requirements of section 1782(c) and the CLRA's legislative intent."); *see also Kagan v. Gibraltar Sav. & Loan Ass'n*, 35 Cal.3d 582, 593 (1984), *disapproved on other grounds by Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 643 (2009) (noting that the "clear legislative intent" of the CLRA is to preclude prospective defendants from "avert[ing] a class action by exempting or 'picking off' prospective plaintiffs one-by-one through the provision of individual remedies").

or services.'" *Id*. Thus, Defendant's refund offer does not deprive Plaintiff of standing for her CLRA claim.

   **3. Plaintiff has standing to pursue her claims for injunctive relief.**

  Defendant argues Plaintiff lacks standing to seek injunctive relief because Plaintiff is now aware of Defendant's alleged pricing scheme and that Plaintiff's allegation that she desires to shop at Defendant's store in the future is insufficient. ECF No. 23 at 20–21. However, "[i]n the context of false advertising, the Ninth Circuit has found a plaintiff has standing to pursue injunctive relief where 'the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to.'" *Calcagno v. Kipling Apparel Corp*, No. 23-cv-2247, 2024 WL 3261205, *10 (S.D. Cal. July 1, 2024) (citing *Davidson v. Kimberly-Clark*, 889 F.3d 956, 969–70 (9th Cir. 2018)). Thus, because Plaintiff alleges "she cannot rely on the price Defendant offers, she will not be able to purchase the products without risk of being misled again," "[t]his is sufficient standing to seek injunctive relief." *See Calcagno*, 2024 WL 3261205 at *10; *see also* ECF No. 21 at ¶ 34. As a result, Defendant's Motion should be denied on this point.

  **C. Plaintiff has Adequately Pleaded her Claims.**

   **1. Plaintiff has a cognizable injury.**

  Defendant also argues that each of Plaintiff's claims fail for the "simple reason" that Plaintiff does not allege injury or damages because she "receive[d] exactly what she paid for—two items with retail values equal to the prices that she paid." ECF No. 23 at 15. Defendant solely relies on *Evans v. Sleep Number Corp.* for the proposition a plaintiff must allege the product purchased "was not in fact worth what she actually paid for it notwithstanding the purported reference pricing" to state a claim under the UCL, FAL, and CLRA. No. 1:24-cv-01136, 2025 WL 1093332, *10 (E.D. Cal. Apr. 11, 2021). However, *Evans* is unpersuasive in its reasoning and should be disregarded by this Court.

  *Evans* rests upon the improper conclusion that a plaintiff cannot allege restitution damages outside of alleging that the product was worth less than the price paid. *Cf. id*. at

*6–9. But courts within both this District and California state court have recognized that an unfavorable price/value discrepancy is "not the only way to measure restitution in an action asserting claims under the UCL, FAL, or CLRA." *Jacobs v. La-Z-Boy Inc.*, 2:24-cv-04446, 2024 WL 5194976, *5 (C.D. Cal. Nov. 14, 2024); *see also In re Tobacco Cases II*, 240 Cal. App. 4th 779, 792 (2015) (noting that the difference between the price paid and the actual value received is not "the exclusive measure of restitution *potentially* available[.]") (emphasis in original); *Russell v. Kohl's Dep't Stores, Inc.*, 2015 WL 12781206, at *4 (C.D. Cal. Oct. 6, 2015) ("[A]lternative measures of restitution may be appropriate based on the circumstances of each case.")

Moreover, *Evans* entirely ignores the injury that is at the heart of a former price case—that is, consumers overpay when they are misled into purchasing a product with falsely stated higher value. *See Jacobs*, 2024 WL 5194976, *5 ("It is sufficient that Plaintiff's Complaint alleges that . . . it 'overpaid' for Defendant's products . . . ."). This only makes sense because a "product's 'regular' or 'original' price matters; it provides important information about the product's worth . . . [and] the deceived bargain hunter suffers a more obvious economic injury . . . because the bargain hunter's expectations about the product he just purchased is precisely that it has a higher perceived value . . . ." *Hinojos*, 718 F.3d at 1105–06. Considering this principle, there are different bases for restitution apart from any price/value discrepancy—primarily that "Defendant's deceptive pricing scheme influenced Plaintiffs pay for merchandise they would not have otherwise purchased." *Gonzalez v. Children's Place, Inc.*, No. SACV 22-0816, 2024 WL 5413173, *10 (C.D. Cal. Nov. 21, 2024).

And so, "[t]o the extent [Plaintiff] is able to prove these allegations, [Plaintiff] may be entitled to restitution of the amounts unlawfully gotten by these misrepresentations." *Id*. This theory of restitution can take multiple forms: "1) complete restitution, measured by the full purchase price paid by each class member; 2) restitution based on the false 'transaction value' promised by [defendant], measured by the amount that each class member would have paid had [defendant] offered a discount from the actual 'regular' price;

or 3) restitution in the amount that [defendant] profited from sales of products based on deceptive price comparisons." *Spann v. J.C. Penney* 307 F.R.D. 508, 533 (C.D. Cal. 2015), *modified*, 314 F.R.D. 312 (C.D. Cal. 2016).

As result, consumers who allege, like Plaintiff, that they overpaid for a product because they would have not purchased the product but for the misleading price representation have been injured regardless of the price/value discrepancy. As such, Defendant's Motion is due to be denied on this point.[5]

### 2. Plaintiff has stated a claim for injunctive relief.

Defendant contends that Plaintiff fails to state a claim for injunctive relief because Defendant's website "has already been modified to explain precisely what [Defendant's] strike-through pricing represents" through "a hyperlink for consumers to access" Defendant's pricing policy. ECF No. 23 at 17. But the newly added disclaimer described in Defendant's Motion is irrelevant at this stage because contrary to Defendant's representation that its "prices are reflective of an actual, bona fide price at which the . . . product was offered for sale . . . for a reasonably substantial period of time," Plaintiff contends they are not, which is an issue of fact inappropriate for resolution at the motion to dismiss stage.

Plus, Defendant's disclosure of the "pricing policy" in a separate hyperlink (independently found in the footer of their website) is not part of the shopping journey, i.e., selecting a product and proceeding to checkout, such that a consumer would not necessarily be "likely to be deceived." *See Carvalho v. HP, Inc.*, No. 21-cv-08015, 2022 WL 2290595, *5 (N.D. Cal. June 24, 2022) (noting whether a reasonable consumer is likely to be deceived in violation of the FAL, UCL, and CLRA is an issue not appropriate for resolution a motion to dismiss and recognizing "the fact that a consumer could only learn that the

---

[5] In any event, "whether Plaintiff can later prove the amount of monetary relief sought is a question better addressed at a later stage of litigation." *Jacobs*, 2024 WL 5194976 at * 5; *see also Russell*, 2015 WL 12781206, at *5 ("While it remains to be seen whether Plaintiffs can adduce sufficient evidence of a measurable amount of restitution, such an inquiry is premature at this early pleading stage.")

[pricing policy] upon reading the fine print at the bottom of the webpage and then clicking on the "+" suggests that a reasonable consumer could justifiably be unaware of that disclaimer.").

### 3. Restitutionary Disgorgement is permitted under UCL.

"[I]n the UCL context . . . restitution means the return of money to those persons from whom it was taken or who had an ownership interest in it." *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1184 (S.D. Cal. 2012). "Restitutionary disgorgement, which focuses on the victim's loss, may be recovered under the UCL." *Id*. Here, as described throughout, Plaintiff alleges that she would not have paid as much as she did had she known that the products she purchased were not actually valued at their respective reference prices. ECF No. 21 at ¶ 34. And so, some calculus of the "transaction value," i.e, the difference between the reference price and the sales is an appropriate restituionary metric in this case.

### 4. Plaintiff has stated claims for restitution under the FAL and damages under CLRA.

For the same reasons discussed in Sections 3.B.1, 3.B.2, and 3.C.1., *supra*, Plaintiff has stated claims for restitution under the FAL and damages under the CLRA. That is, Plaintiff has an economic injury and Defendant's refund offer did not satisfy section 1782(c) of the CLRA.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.

DATED: June 9, 2025                     **KJC LAW GROUP, A.P.C.**

                                        /s/ *Kevin J. Cole*
                                        Kevin J. Cole, Esq.

                                        *Attorneys for Plaintiff*

15
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court by using the CM/ECF system on June 9, 2025, which will serve a copy of the foregoing upon all parties of record.

>                     */s/ Kevin J. Cole*
>                     KJC Law Group, A.P.C.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS