Anne K. Edwards (SBN 110424)
SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071
Telephone: (213) 358-7210
aedwards@sgrlaw.com

Jeremy D. Richardson (*admitted pro hac vice*)
James J. Boland (*admitted pro hac vice*)
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 15th Floor
New York, New York
Telephone: (212) 907-9700
jrichardson@sgrlaw.com
jboland@sgrlaw.com

*Attorneys for Defendant Comfrt, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA FISCHER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>COMFRT, LLC; a Florida limited liability company; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.  2:25-cv-01574 CAS<br><br>**COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:  Hon. Christina A. Snyder<br>Date:    June 30, 2025<br>Time:   10:00 a.m.<br>Crtrm.:  8D<br><br>Complaint Filed:  February 24, 2025<br>Trial Date:  None Set |

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

## <u>TABLE OF CONTENTS</u>

**Pages(s)**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 1

I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION ................. 1

  A.   Comfrt's CLRA Remedy Eliminates Fischer's Standing Under
       Article III .................................................................................... 2

  B.   Section 1782(c) Of The CLRA Has Nothing to Do With Fischer's
       Standing Under Article III............................................................ 5

  C.   Fischer's Request for Injunctive Relief Does Not Give the Court
       Jurisdiction Over This Lawsuit ..................................................... 6

II.  FISCHER'S FIRST AMENDED COMPLAINT FAILS TO STATE
     VALID CLAIMS FOR RELIEF AGAINST COMFRT .............................. 8

  A.   Fischer Failed to Plausibly Plead Any Injury Proximately Caused By
       Comfrt's Advertising..................................................................... 8

  B.   Fischer's Claims Fail................................................................... 10

    1.   Fischer Fails to State Claims for Injunctive Relief................. 10

    2.   Count I Fails to State a Claim for "Disgorgement" Under
         California's Unfair Competition Law....................................... 11

    3.   Count II Fails to State a Claim for Restitution Under
         California's False Advertising Law and Count III Fails to State
         a Claim for Damages under the CLRA..................................... 13

CONCLUSION ................................................................................................. 14

Smith, Gambrell & Russell, L.L.P.
444 South Flower Street, Suite 1700
Los Angeles, California 90071

i

1

# <u>TABLE OF AUTHORITIES</u>

2
                                                                                    **Page(s)**

3
**Cases**

4
*Adam v. Barone,*
5
   41 F.4th 230 (3d Cir. 2022) ................................................................3

6
*In re Apple Processor Litig.,*
7
   No. 5:18-cv-00147, 2019 WL 3533876 (N.D. Cal. Aug. 2, 2019) ....................5

8
*Baghdasarian v. Amazon.com, Inc.,*
9
   No. CV-05-8060-AG, 2006 WL 8434740 (C.D. Cal. Oct. 23, 2006) .................6

10
*Calcagno v. Kipling Apparel Corp.,*
11
   No. 23-cv-2247-BAS-BLM, 2024 WL 3261205 (S.D. Cal. July 1, 2024) ...............................................................................................7, 8

12
*California v. Texas,*
13
   592 U.S. 659 (2021).................................................................................1

14
*Campbell-Ewald v. Gomez,*
15
   577 U.S. 153 (2016)................................................................................4

16
*Cattie v. Wal–Mart Stores, Inc.,*
17
   504 F. Supp. 2d 939 (S.D. Cal. 2007)..................................................6

18
*Chen v. Allstate Ins. Co.,*
19
   819 F.3d 1136 (9th Cir. 2016) ..........................................................2, 4

20
*Daniel v. Nat'l Park Serv.,*
21
   891 F.3d 762 (9th Cir. 2018) ...............................................................3

22
*Davidson v. Kimberly-Clark Corp.,*
   889 F.3d 956 (9th Cir. 2018) ...............................................................7

23
*DeNike v. Mathew Enter., Inc.,*
24
   291 Cal. Rptr. 3d 480 (Cal. Ct. App. 2022).......................................13

25
*Evans v. Sleep Number Corp.,*
26
   No. 1:24-cv-01136-KES-SAB, 2025 WL 1093332 (E.D. Cal. Apr. 11, 2025) ....................................................................9, 10, 12
27

28

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

*Hangarter v. Provident Life & Accident Ins. Co.*,
    373 F.3d 998 (9th Cir. 2004) ...................................................................6

*Hill v. LLR, Inc.*,
    No. CV 18-120-GF-BMM-KLD, 2020 WL 5887754 (D. Mont.
    Oct. 5, 2020) ...........................................................................................5

*Hill v. LRR, Inc.*,
    No. CV-18-120-GF-BMM-KLD, 2020 WL 9770748 (D. Mont.
    Nov. 16, 2020) .........................................................................................5

*Jacobs v. La-Z-Boy Inc.*,
    2:24-cv-04446, 2024 WL 5194976 (C.D. Cal. Nov. 14, 2024)..................9

*Krystofiak v. BellRing Brands, Inc.*,
    737 F. Supp. 3d 782 (N.D. Cal. 2024)......................................................8

*Lightoller v. Jetblue Airways, Corp.*
    No. 23-cv-00361, 2023 WL 3963823 (S.D. Cal. June 12, 2023)...............5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)..................................................................................1

*Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Gonzales*,
    468 F.3d 826 (D.C. Cir. 2006)..................................................................3

*In re PFA Ins. Mktg. Litig.*,
    696 F. Supp. 3d 822 (N.D. Cal. 2022)....................................................11

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ..................................................................2

*SkinMedica, Inc. v. Histogen Inc.*,
    869 F. Supp. 2d 1176 (S.D. Cal. 2012)...................................................11

S*pokeo, Inc. v. Robbins*,
    578 U.S. 330 (2016)......................................................................1, 2, 4, 5

*Stanford v. Home Depot USA, Inc.*,
    358 Fed. Appx. 816 (9th Cir. 2009)..........................................................6

*Stromberg v. Ocwen Loan Servicing, LLC*,
    No. 15-cv-04719-JST, 2017 WL 2686540 (N.D. Cal. June 22,
    2017) ........................................................................................................4

**Smith, Gambrell & Russell, LLP**
444 South Flower Street, Suite 1700
Los Angeles, California 90071

iii

*Van v. LRR, Inc.*,
     962 F.3d 1160 (9th Cir. 2020) ...............................................................................5

**Statutes & Other Authorities**

28 U.S.C. § 1332(d)(2) ...............................................................................6

Cal. Civ. Code § 1782(b) ...............................................................................13

**Smith, Gambrell & Russell, LLP**
444 South Flower Street, Suite 1700
Los Angeles, California 90071

COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

**INTRODUCTION**

Fischer's opposition to Comfrt's motion to dismiss does not and cannot contest one basic fact: on March 24, 2025, Comfrt sent Fischer (via counsel) a check for $138.16. This amount represented representing an unconditional refund of the full amount of Fischer's alleged purchase ($125) plus interest from the date of that purchase. That is the end of Fischer's lawsuit in federal court.

No matter how much Fischer tries to spin, dodge, and misstate facts, the ***truth*** is that Fischer has been made whole. Fischer no longer has a legally cognizable injury-in-fact that is fairly traceable to any alleged conduct by Comfrt, and she therefore lacks standing under Article III of the Constitution to assert any claim against Comfrt in federal court. This Court therefore lacks subject matter jurisdiction over this lawsuit, and it should be dismissed.

**ARGUMENT**

**I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION**

Fischer's opposition is notable for a number of omissions, but none is more glaring than Fischer's complete failure to address the legal requirements for Fischer to establish her standing to pursue – and for this Court to have subject matter jurisdiction over – this lawsuit under Article III of the Constitution.

As Comfrt explained, Article III limits a federal court's jurisdiction to cases and controversies, *California v. Texas*, 592 U.S. 659, 668 (2021), which "includes the requirement that litigants have standing." *Id*.; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." S*pokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016), citing *Lujan*, 504 U.S. at 560-61 (1992). The injury must be "concrete and particularized and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 339, citing *Lujan*, 504 U.S. at

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

1

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

560. Injury in fact is "the first and foremost of standing's three elements" and "a constitutional requirement." *Id*. As the party invoking jurisdiction, Fischer bears the burden of establishing her standing under Article III. *Spokeo*, 578 U.S. at 338.

Fischer ignores these principles entirely. Fischer also ignores that where, as here, a defendant mounts a factual attack on jurisdiction with "affidavits or other evidence properly before the court," the party asserting jurisdiction "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Fischer has submitted nothing in response to Comfrt's motion. As a result, the evidence Comfrt submitted is unrebutted.

## A.    Comfrt's CLRA Remedy Eliminates Fischer's Standing Under Article III

In its opening brief, with competent evidence provided by the Declaration of Patrick McGill, Comfrt demonstrated that the full and unconditional refund it gave Fischer eliminates not only her ability to assert claims for damages or restitution against Comfrt under the CLRA, but it eliminates any purported injury in fact Fischer allegedly suffered as a result of any conduct by Comfrt. Def.'s Br. at 9-11.  In response, Fischer makes three arguments. None has any merit.[1]

First, citing *Campbell-Ewald v. Gomez*, 577 U.S. 153 (2016) and *Chen v. Allstate Ins. Co.*, 819 F.3d 1136 (9th Cir. 2016), Fischer argues that Comfrt's full and unconditional refund was merely an "offer[] to refund" her purchase that she "did not accept," and that this "unaccepted settlement offer" does not eliminate

---

[1] Fischer cites two cases, *Hinojos v. Kohls*, 718 F.3d 1098 (9th Cir. 2013), and *Nunez v. Saks Incorporated*, 771 F. App'x 401 (9th Cir. 2019), for the proposition that a consumer alleging she would not have made a purchase but for a misrepresentation has suffered an economic injury and has standing to sue under California statutes. Pl.'s Opp. at 8. Neither *Hinojos* nor *Nunez* involved a situation where, as here, a plaintiff had been made whole by a full and unconditional refund with interest under the CLRA. Moreover, neither case considered, much less addressed, the separate issue of whether receipt of the merchandise in exchange for the price paid eliminated any injury the consumer may have suffered.

COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

her injury. Pl.'s Opp. at 6, 9. This argument fails for two reasons. First, Comfrt's refund was ***not*** an offer to refund or settle Fischer's claims. It was a statutory remedy – a full return of every penny Fischer paid with interest – that Comfrt actually provided to Fischer under Sections 1782(a) and (b) of the CLRA. McGill Decl. ¶ 7, Ex. 5. Fischer's mischaracterization of that statutory remedy is disingenuous.[2]

But even if Fischer's characterization was correct (and it is not), there is no evidence that Fischer "did not accept" Comfrt's so-called "offer" as she proclaims in opposition. As noted above, Comfrt has mounted a factual attack on Fischer's standing, supporting that attack with evidence – the Declaration of Patrick McGill and exhibits. In response, Fischer has submitted nothing – she has not submitted a declaration or any evidence at all, let alone evidence establishing that she "rejected" some purported "offer" by Comfrt. The assertion in her opposition that she supposedly did so must be disregarded.

Moreover, Fischer ignores completely that even if Comfrt's statutory CLRA remedy was an "offer" of some sort that she "rejected," preserving her alleged injury, she still would not have Article III standing to assert claims against Comfrt in this lawsuit. To have standing, a plaintiff must not only have suffered an injury in fact, but that injury must be "fairly traceable to the challenged conduct ***of the defendant***." *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 766 (9th Cir. 2018) citing *Spokeo*, 78 U.S. at 338 (emphasis added). Even if Fischer had testified by declaration that she rejected Comfrt's CLRA refund (which is irrelevant under the statute), Fischer's alleged injury is now self-inflicted and no longer fairly traceable to any actionable conduct by Comfrt. *Adam v. Barone*, 41 F.4th 230,

---

[2] Throughout her opposition, Fischer engages in a form of subliminal manipulation, repeatedly using inaccurate terms in order to posit – through repetition – fundamentally incorrect premises. The use of the terms "offer," "refund offer" and "settlement," is one example. By using these terms over and over again, Fischer no doubt hopes to convince the Court that Comfrt's CLRA refund remedy was merely an offer. It was not.

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

235 (3d Cir. 2022) (refusal to accept full remedy severs causal connection between defendant's alleged misconduct and plaintiff's injury); *see also Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006) ("self-inflicted harm doesn't satisfy the basic requirements for standing . . . . [and] does not amount to an 'injury' cognizable under Article III").

Fischer next argues that even if the full refund eliminated her alleged injury, she still has the ability to seek class certification in this lawsuit. Pl.'s Opp at 9. For this proposition, Fischer cites *Chen* and *Stromberg v. Ocwen Loan Servicing, LLC*, No. 15-cv-04719-JST, 2017 WL 2686540 (N.D. Cal. June 22, 2017). These cases have no application here. Neither *Chen* nor *Stromberg* involved a case where a plaintiff was permitted to continue to pursue claims as a class representative despite that plaintiff lacking a legally-cognizable injury in fact under Article III. Nor did either case involve a full statutory remedy provided pursuant to the CLRA – which, under California law (which governs in this diversity case), eliminates a plaintiff's ability to assert a claim for damages or restitution under the statute as a matter of law.[3]

Moreover, Fischer ignores completely that, since *Chen*, the Supreme Court has made clear that ***no*** case may proceed – either on an individual or class basis – unless the plaintiff has Article III standing. Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to address a legal wrong." *Spokeo*, 578 U.S. at 338. "No concrete harm, no standing." *TransUnion*, 594 U.S. at 417. Whether a case is brought as a class action is irrelevant. *Id*. at 431 ("Article III does not give federal courts the power to order relief to any

---

[3] *Chen* involved a case where the defendant attempted to moot the plaintiff's claims on appeal by depositing funds in an escrow, which the Ninth Circuit found an insufficient tender under *Campbell-Ewald*. *Stromberg* involved a rejected settlement offer, which the court similarly found insufficient. 2017 WL 2686540, at *7-8. Neither case addressed the further question of whether the rejection of a refund severs the connection between the plaintiff's injury and the conduct of the defendant.

COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

uninjured plaintiff, class action or not."). "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo*, 578 U.S. at 338 n.6. Applying these rules, courts in the Ninth Circuit have properly dismissed cases, including putative class actions, where the named plaintiff lacks Article III standing. *See e.g.*, *Lightoller v. Jetblue Airways, Corp.*, No. 23-cv-00361, 2023 WL 3963823 (S.D. Cal. June 12, 2023); *In re Apple Processor Litig.*, No. 5:18-cv-00147, 2019 WL 3533876 (N.D. Cal. Aug. 2, 2019).

Finally, Fischer argues that "many courts throughout the Ninth Circuit have held that even a plaintiff who receives a refund maintains standing to pursue a consumer-based injury." Pl.'s Opp. at 9-10. In support, Fischer cites cases for the proposition that the loss of the use of money prior to a refund constitutes a cognizable injury. *See id*. But, as even these cases hold, the remedy for the lost use of money is interest. *See e.g.*, *Van v. LRR, Inc.*, 962 F.3d 1160, 1164-65 (9th Cir. 2020) (cited by Fischer). Comfrt's CLRA refund included interest from the date of Fischer's purchase.[4]

## B.    Section 1782(c) Of The CLRA Has Nothing to Do With Fischer's Standing Under Article III

Unable to rebut the evidence Comfrt submitted, Fischer argues that "Comfrt's refund offer [sic] does not satisfy Section 1782(c) and thus does not

---

[4] Fischer cites *Hill v. LLR, Inc.*, No. CV 18-120-GF-BMM-KLD, 2020 WL 5887754 (D. Mont. Oct. 5, 2020), for the proposition that "even if a plaintiff receives a full refund including interest before filing her lawsuit, she still has standing to sue." Fischer has not been candid with the Court. The October 5, 2020, *Hill* decision Fischer cites was on a motion for summary judgment, which the Court "reluctantly" denied. 2020 WL 5887754, at *3. Two days later, on October 7, 2020, the defendant filed a motion to dismiss for lack of subject matter jurisdiction, which the court granted. *Hill v. LRR, Inc.*, No. CV-18-120-GF-BMM-KLD, 2020 WL 9770748, at *2 (D. Mont. Nov. 16, 2020). The court found that the defendants' full refund, with interest, fully compensated the plaintiff for her alleged loss – including the time value of money – eliminating her standing under Article III. *Id*.

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

1  deprive Plaintiff of standing." Pl.'s Opp. at 10-12, citing *Baghdasarian v.*

2  *Amazon.com, Inc.*, No. CV-05-8060-AG (Ctx), 2006 WL 8434740 (C.D. Cal. Oct.

3  23, 2006), Fischer argues that "section 1782(b) is only controlling if the plaintiff

4  notified the defendant of an individual grievance." Pl.'s Opp. at 10. Fischer is

5  confusing concepts, and forgets what court she filed suit in.

6       This case is in federal district court, not California state court. To assert a

7  claim in federal court a plaintiff must have Article III standing. Comfrt's full and

8  unconditional remedy, provided under Section 1782(b) of the CLRA, eliminates

9  Fischer's individual injury and standing. Nothing in *Baghdasarian* – which

10 neither involved a monetary remedy provided to the plaintiff under the CLRA nor

11 the plaintiff's standing under Article III following such a remedy – holds or even

12 suggests otherwise.[5]

13      Fischer's attempt to conflate her potential ability to assert claims on a class-

14 wide basis under Section 1782(c) of the CLRA with her Article III standing is

15 baseless. Whether Fischer may have statutory standing to assert claims in

16 California state court is irrelevant to whether she has Article III standing to do so

17 here. *Stanford v. Home Depot USA, Inc.*, 358 Fed. Appx. 816 (9th Cir. 2009);

18 *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021-22 (9th Cir.

19 2004); *Cattie v. Wal–Mart Stores, Inc.*, 504 F. Supp. 2d 939, 942 (S.D. Cal. 2007).

20 Just as Congress cannot create Article III standing by statute, *TransUnion*, 594

21 U.S. at 426-427, the California legislature cannot do so, either.

22

23

24

25

26

27

28

---

[5] *Baghdasarian* involved Amazon.com seeking summary judgment on the plaintiff's CLRA damages claim on the grounds that it had changed its business practice, ***not*** that it had provided a monetary remedy to the plaintiff. 2006 WL 8434740, *5 (Amazon.com argues that "the damage claim is barred because it complied with [CLRA] section 1782(b) when it changed its fee structure on October 5, 2005").

COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

## C.    Fischer's Request for Injunctive Relief Does Not Give the Court Jurisdiction Over This Lawsuit

In its opening brief, Comfrt demonstrated that Fischer's request for injunctive relief does not save this Court's jurisdiction for three reasons. First, the only basis for this Court's subject matter jurisdiction is the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and the Amended Complaint contains no allegations plausibly alleging the requisite amount in controversy ($5 million) for the Court to have jurisdiction over any claims in this case for injunctive relief. Def.'s Br. at. 11-13. Fischer does not address – and thus concedes – this argument. Fischer's request for injunctive relief does not save the Court's subject matter jurisdiction over this case for this reason alone.

Second, Fischer fails to plausibly allege an injury in fact sufficient to support her request for injunctive relief. As Comfrt explained, "[f]or injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)). It "must be *certainly impending*"; "allegations of *possible* future injury are not sufficient.'" *Id*. (emphasis in original). Fischer's allegations – that she may want to "shop" (not actually buy products) at Comfrt's online store at some undefined point in the future – simply do not plausibly allege an actual, imminent or "certainly impending" threat of injury.[6]

Finally, Fischer fails to allege a plausible threatened injury because her Amended Complaint – which alleges that Comfrt's web-site advertising is false

---

[6] Fischer's allegation stands in stark contrast to those in *Calcagno v. Kipling Apparel Corp.*, No. 23-cv-2247-BAS-BLM, 2024 WL 3261205 (S.D. Cal. July 1, 2024), which Fischer cites. In *Calcagno*, the plaintiff did not simply allege that she may want to shop at the defendant's online store at some time in the future. She specifically alleged she "*strongly* desires" to do so because she "likes the brand, and it offers unique Kipling-branded handbag, luggage, backpacks, totes and accessories that she likes that are not available anywhere else." 2024 WL 3261205, at *10. Fischer's Amended Complaint contains no such allegations.

7

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

because Fischer saw (as recently as February 23, 2025) that "nearly every item offered had a Reference Price that was crossed out and a sale price" – admits that Fischer knows how to determine whether Comfrt's price advertising is suspicious. 1st Am. Compl. ¶ 27. Thus, Fischer's own complaint – which incorporates Comfrt's website – refutes her conclusory allegation that she "is susceptible of this recurring harm because she cannot be certain that [Comfrt] has corrected this deceptive pricing scheme." Am. Compl. ¶ 34. Moreover, as explained below, Comfrt has since modified the disclosures on its online store to disclose the basis for its strike-through pricing. Fischer did not purchase products based on those disclosures and therefore lacks standing to challenge them or seek any injunctive relief relating to them.[7]

## II.  FISCHER'S FIRST AMENDED COMPLAINT FAILS TO STATE VALID CLAIMS FOR RELIEF AGAINST COMFRT

### A.  Fischer Failed to Plausibly Plead Any Injury Proximately Caused By Comfrt's Advertising

Fischer does not dispute that each of the three counts in the Amended Complaint require Fischer to allege, among other things, facts plausibly establishing that Comfrt's alleged actions proximately caused her a legally-

---

[7] Comfrt respectfully suggests that Fischer's opposition on this issue oversteps the line. On page 12, Fischer argues:

> Thus, because Plaintiff alleges "she cannot rely on the price Defendant offers, she will not be able to purchase the products without risk of being misled again," "[t]his is sufficient standing to seek injunctive relief." *See Calcagno*, 2024 WL 3261205at *10; *see also* ECF No. 21 at ¶ 34.

Pl.'s Opp. at 12. "Plaintiff," with a capital "P," is defined in Fischer's opposition as Fischer. Pl.'s Opp. at 5 ("Plaintiff Anna Fischer ('Ms. Fischer' or 'Plaintiff')"). Fischer's Amended Complaint, ECF No. 21, does ***not*** allege that "she cannot rely on the price Defendant offers, she will not be able to purchase the products without risk of being misled again." Fischer never alleges that she would ever ***buy*** another Comfrt product again. Paragraph 34, which Fischer cites, alleges only that "Plaintiff is susceptible to this recurring harm because she cannot be certain that [Comfrt] has corrected this deceptive pricing scheme, and she desires to shop at [Comfrt's] online store in the future." Am. Compl. ¶ 34.

8

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

1  cognizable injury. *Krystofiak v. BellRing Brands, Inc.*, 737 F. Supp. 3d 782, 799

2  (N.D. Cal. 2024). In its opening brief, Comfrt demonstrated that Fischer has not

3  done so. Def.'s Br. at 15-16. Fischer's allegation that she would have paid less for

4  the products but for the strike-though pricing, 1st Am. Compl. ¶ 34, is

5  unsupported and implausible on its face because she does not allege that the price

6  she paid on Comfrt's online store was subject to any kind of negotiation or

7  bartering (and it was not) – *i.e.*, Fischer could not have paid less than that price.

8  And while Fischer also alleges that she would not have purchased the products at

9  all, *id.*, Fischer does not allege facts plausibly showing that she did not receive

10  exactly what she paid for – two items with retail values equal to the prices that

11  she paid. Absent those allegations, Fischer has not plausibly alleged any actual

12  injury proximately caused by Comfrt's practices. *Evans v. Sleep Number Corp.*,

13  No. 1:24-cv-01136-KES-SAB, 2025 WL 1093332 (E.D. Cal. Apr. 11, 2025)

14      In response, Fischer asks the Court to leap past the causation element of her

15  three claims and proceed directly to damages – specifically, "restitution"

16  damages. Pl.'s Opp. at 12-14 (*citing Jacobs v. La-Z-Boy Inc.*, 2:24-cv-04446,

17  2024 WL 5194976, *5 (C.D. Cal. Nov. 14, 2024), and *In re Tobacco Cases II*,

18  240 Cal. App. 4th 779, 792 (2015), for possible theories of calculating restitution).

19  But that argument puts the cart before the horse. Before Fischer can proceed in

20  this case and eventually seek ***any*** measure of monetary relief for the three claims

21  asserted – restitution, disgorgement, or anything else – she first must plausibly

22  allege facts showing that she suffered a legally-cognizable injury as a result of

23  Comfrt's alleged actions. As *Evans* demonstrates, Fischer has not done so.

24      Unsurprisingly, Fischer dismisses *Evans* and the district court's reasoning,

25  calling it "unpersuasive." Pl.'s Opp. at 12. Fischer argues that "*Evans* entirely

26  ignores that the injury that is at the heart of a former price case—that is, consumers

27  overpay when they are misled into purchasing a product with false stated higher

28

9

COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

value."[8] In support, Fischer cites *Jacobs*, 2024 WL 5194976, at *4, for the proposition that "It is sufficient that Plaintiff's Complaint alleges that . . . it 'overpaid' for Defendant's products . . ."). Pl's Opp. at 13 (internal quotations and ellipses in original). Fischer misses the point.

*Evans* "ignore[d]" no such thing. The entire basis for the district court's conclusion that the plaintiff had not plausibly alleged an injury proximately caused by the advertising in *Evans* was that the plaintiff "has provided no allegations that the mattress she bought was not in fact worth what she actually paid for it notwithstanding the purported reference pricing." 2025 WL 1093332, at *1. Simply put, there was no "overpayment" plausibly alleged. So, too, here. Fischer does not allege that she "overpaid" for any of the products she purchased, either. There are no factual allegations plausibly showing that the products she purchased were worth less than what she paid for them (at retail).

**B.    Fischer's Claims Fail**

1.    Fischer Fails to State Claims for Injunctive Relief

In its opening brief, Comfrt explained that the Comfrt website has been modified to explain what Comfrt's strike-through pricing represents.    That website, which Fischer incorporates into her Amended Complaint, now discloses that:

Pricing Policy-

The "original" or "regular" price displayed on this page is based on a number of factors that include cost, profit margin, expected demand, inventory levels, competition and promotional activity, such as sales and coupons. These prices are reflective of an actual, bona fide price at which the given individual Comfrt product was offered for sale to the

---

[8] Fischer's use of the word "value," and her attempts to equate the word "value" with "price" is another example of her subliminal manipulation. Nowhere on Comfrt's website is there any discussion or statement about any product's "value." Only prices are displayed.

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

10

public for a reasonably substantial period of time. That means Comfrt offered this product for sale at that price, though we may not have sold the item at that price. So, the savings we show from these prices may not be based on actual sales of the items at the higher price. In addition, some "original" or "regular" prices may not have been in effect during the past 90 days, and intermediate markdowns may have been taken. Limited quantities, while supplies last.

Savings Based on Offering Prices, Not Actual Sales.

*See, e.g.*, https://comfrt.com/products/affirmation-hoodie. Because Comfrt's website already discloses the details of the strike-though or "reference" price, Fischer fails to plausibly state a claim for injunctive relief.

In response, Fischer argues that the Amended Complaint continues to state a claim for injunctive relief because she contends that the new disclosure is not accurate, and it is not easy for "consumers" to access. Pl.'s Opp. at 14-15. Fischer simply does not understand the law. But the issue is not whether Fischer contends that the new disclosure is accurate or inaccurate, nor whether that disclosure is sufficient for some other, unknown "consumers." The issue is whether Fischer's May 21, 2025 Amended Complaint seeks injunctive relief to correct a website that Fischer alleges misled ***her***. It does not because (i) that website has been modified since Fischer's March 6, 2024, purchase, and (ii) the modified website is incorporated into Fischer's Amended Complaint. As a result, the Amended Complaint fails to plausibly state claims for injunctive relief based on Fischer's March 6, 2024, purchase.

   2.   Count I Fails to State a Claim for "Disgorgement" Under California's Unfair Competition Law

As Comfrt explained in its opening brief, in addition to seeking injunctive relief for her UCL claim in Count I, Fischer also seeks "disgorgement of all moneys received by [Comfrt] through the conduct described above." 1st Am.

COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

Compl. ¶ 69. As Comfrt also explained, non-restitutionary disgorgement is not a remedy available under the UCL, *In re PFA Ins. Mktg. Litig.*, 696 F. Supp. 3d 822, 836 (N.D. Cal. 2022), *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1184-85 (S.D. Cal. 2012).

In response, Fischer argues that she actually seeks "restitutionary disgorgement" in Count I, which Fischer contends "focuses on the victim's loss," not the defendants' gain. Pl.'s Opp. at 15. The Court should reject Fischer's attempt to amend her complaint yet again. Fischer knew precisely the grounds on which Comfrt sought dismissal of Count I before she filed her Amended Complaint. Yet, the Amended Complaint does not seek "restitutionary disgorgement." Fischer must live with her own allegations.

But even crediting Fischer's new claim, Count I still fails. Fischer argues that she may recover restitutionary disgorgement – *i.e.,* her loss – because "Plaintiff alleges that she would not have paid as much had she known that the products she purchased were not actually valued at their respective reference prices." Pl.'s Opp at 15. Putting aside Fischer's continued misuse of the term "value," Fischer does not, in fact, plausibly allege that she would "not have paid as much" for the products she purchased. Fischer does not allege that she even **could have** paid any price for those products other than the price at which they were sold on the website. And Fischer does not allege that the sweatpants and hoodie were worth less (at retail) than the prices she paid and thus fails to plausibly allege that she suffered any loss to support a claim for restitutionary disgorgement in any event. *See Evans*, 2025 WL 1093332, at *7-8.

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

12

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

3.      Count II Fails to State a Claim for Restitution Under California's
False Advertising Law and Count III Fails to State a Claim for
Damages under the CLRA

Fischer devotes two sentences to opposing Comfrt's arguments about her claim for restitution under the FAL in Count II and for damages under the CLRA in Court:

> For the same reasons discussed in Sections 3.B.1, 3.B.2, and 3.C.1, *supra*, Plaintiff has stated claims for restitution under the FAL and damages under the CLRA. That is, Plaintiff has an economic injury and Defendant's refund offer did not satisfy section 1782(c) of the CLRA.

Pl.'s Opp. at 15. Fischer is wrong on both counts.

As Comfrt explained in its opening brief and again above, Fischer has not alleged an "economic injury" caused by any alleged conduct by Comfrt and thus has not stated claims for either restitution under the FAL or damages under the CLRA. And as also explained above, Section 1782(c) of the CLRA is irrelevant to whether ***Fischer*** can pursue any claims for monetary damages under the CLRA. Even if other, absent consumers have claims for damages under the CLRA, ***Fischer*** does not. Cal. Civ. Code § 1782(b); *DeNike v. Mathew Enter., Inc.*, 291 Cal. Rptr. 3d 480, 488 (Cal. Ct. App. 2022).

COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

## **CONCLUSION**

For all of the foregoing reasons and those in Comfrt's prior submissions, Fischer lacks Article III standing to assert any of the claims against Comfrt in the First Amended Complaint. This Court therefore lacks subject matter jurisdiction over this lawsuit, and it should be dismissed pursuant to Fed. R. Civ. 12(b)(1). But even if Fischer had standing, the First Amended Complaint fails to plead plausible claims against Comfrt for any of the relief sought and should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: June 16, 2025                    Respectfully Submitted,

_/s/  James J. Boland_

Anne K. Edwards (SBN 110424)
SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071
Telephone: (213) 358-7210
aedwards@sgrlaw.com

Jeremy D. Richardson
(_admitted pro hac vice_)
James J. Boland
(_admitted pro hac vice_)
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 15th Floor
New York, New York
Telephone: (212) 907-9700
jrichardson@sgrlaw.com
jboland@sgrlaw.com

_Attorneys for Defendant Comfrt, LLC_

COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Comfrt, LLC, certifies that this brief contains 4,392 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 16, 2025                    Respectfully Submitted,


                                        /s/ *James J. Boland*
                                        James J. Boland

COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Smith, Gambrell & Russell, LLP
444 South Flower Street, Suite 1700
Los Angeles, California 90071

# PROOF OF SERVICE

### *ANNA FISCHER v. COMFRT LLC*
### Case No. 2:25-cv-01574 CAS-AGR

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 444 South Flower Street, Suite 1700, Los Angeles, CA 90071-2901.

On June 16, 2025, I served true copies of the following document(s) described as

- **COMFRT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

on the interested parties in this action as follows:

| | |
|---|---|
| KJC LAW GROUP, A.P.C<br>Kevin J. Cole (SBN 321555)<br>W. Blair Castle (SBN 354085)<br>9701 Wilshire Blvd., Suite 1000<br>Beverly Hills, CA  90212<br>Telephone: 310.861.7797<br>Email:  kevin@kjclawgroup.com | *Attorneys for Plaintiff*<br>ANNA FISCHER |

• **BY CM/ECF NOTICE OF ELECTRONIC FILING**:  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 16, 2025**, at Los Angeles, California.


*/s/ Verastine Mills*
Verastine Mills