UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Jennifer Pancratz | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Kevin Cole

Anne Edwards
James Boland
Jeremy Richardson

**Proceedings:**          COMFRT, LLC'S MOTION TO DISMISS FIRST AMENDED
CLASS ACTION COMPLAINT (Dkt. 23, filed on May 30,
2025)

## I.   INTRODUCTION

On February 24, 2025, plaintiff Anna Fischer, individually and on behalf of all others similarly situated ("plaintiff"), filed this class action complaint against defendants Comfrt, LLC ("Comfrt") and Does 1-10 (collectively, "defendants"). Dkt. 1 ("Compl."). On May 21, 2025, plaintiff filed the operative first amended complaint. Dkt. 21 ("FAC"). Plaintiff asserts three claims for relief: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and (3) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*[1] Id.

---

[1] It appears that the only difference between plaintiff's original complaint and plaintiff's FAC is that, in the original complaint, plaintiff only seeks injunctive relief under the CLRA. See Compl. ¶ 85. The complaint also states that plaintiff has notified defendants "by separate letter" of the alleged CLRA violations and will amend the complaint to include compensatory and monetary damages if defendants fail to correct them. Id. The FAC, by contrast, alleges that defendants "failed to respond appropriately" to plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

On May 30, 2025, Comfrt filed the instant motion to dismiss. Dkt. 23 ("Mot."). On June 9, 2025, plaintiff filed an opposition. Dkt. 25 ("Opp."). On June 16, 2025, Comfrt filed a reply. Dkt. 26 ("Reply").

On June 30, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges that she is a citizen of California and that Comfrt, a limited liability company, is incorporated in, and has its principal place of business in, Florida. Compl. ¶¶ 7-8. Plaintiff alleges that Comfrt, through its website, https://comfrt.com/, sells hoodies, sweatpants, blankets, and other clothing items. Id. ¶ 15.

Plaintiff alleges that Comfrt is engaged in "false reference pricing." Id. ¶ 1. According to plaintiff, this means that all or nearly all of the products sold on Comfrt's website are "represented as being significantly marked down from a substantially higher original or reference price, which is prominently displayed to the customer as being the supposed original price." Id. ¶ 16. Plaintiff claims that Comfrt "rarely, if ever" sells its items at the supposed original price. Id. ¶ 18. According to plaintiff, this price disparity "misleads consumers into believing they are receiving a good deal" for a higher quality product, thereby inducing them into making a purchase and increasing sales for Comfrt. Id. ¶ 1, 3.

Plaintiff alleges that Comfrt has been engaged in this pricing "scheme" for "some time." Id. ¶ 20. Plaintiff provides several examples of this alleged practice through images of products on Comfrt's website, as captured by the WayBack Machine on several dates throughout 2024 and on February 23, 2025. Id. ¶¶ 16, 32. Plaintiff also provides WayBack Machine images of advertised sales on the website from October 31, 2023; January 11, 2024; April 18, 2024; May 14, 2024; and June 11, 2024. Id. ¶ 21. Specifically, plaintiff alleges that a sale of "Up to 60% OFF" has been advertised on the website since at least January 2024, "if not earlier." Id. ¶ 22.

---

letter dated February 24, 2025, and therefore, plaintiff now seeks damages, attorneys' fees, and costs from defendants under the CLRA. FAC ¶ 86.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

Plaintiff states that Comfrt's marketing of its products is intended to mislead customers into believing that they are buying Comfrt's products on sale. Id. ¶ 26. Specifically, on or about March 6, 2024, plaintiff alleges that she visited Comfrt's website and purchased a pair of sweatpants and a hoodie for what the website advertised to be a discounted price. Id. ¶ 27. According to plaintiff, when she was browsing the website, she observed that nearly every item offered listed a higher, original price that was crossed out, alongside the sale price. Id. Plaintiff alleges the "Signature Fit Sweatpants" she purchased were listed as "$75 $49," and the "Signature Fit Hoodie" was listed as "$120 $69." Id. Plaintiff alleges that when she purchased these items, she relied on the representation that they were being offered on sale, and that the items had previously been listed at the higher, original prices and sold at those prices in the recent past. Id. ¶ 29. However, plaintiff asserts that the products were not actually substantially discounted, or at the very least, any discount she received "had been grossly exaggerated." Id. ¶ 30. This is because, according to plaintiff, the products had never been offered on Comfrt's website for any substantial period of time at their supposedly higher, original prices. Id.

Plaintiff claims that she would not have purchased these products, or would have paid less for them, had Comfrt been more transparent in its pricing. Id. ¶ 34. Plaintiff states that she is "susceptible to this recurring harm because she cannot be certain that [Comfrt] has corrected this deceptive pricing scheme, and she desires to shop at [Comfrt's] online store in the future." Id.

Plaintiff then provides summaries of research articles, allegedly showing that "deceptive advertising through the use of false reference pricing," as employed by Comfrt, is intended to influence and does influence customer behavior. Id. ¶¶ 35-40. According to plaintiff, this is because false reference pricing artificially inflates customer perceptions of a given item's value; causes them to spend money they otherwise would not spend or purchase items they otherwise would not purchase; and/or spend more money for a product than they otherwise would spend. Id. ¶ 40.

Plaintiff seeks to bring this action on behalf of the following class:

All persons in the United States who purchased one or more of [Comfrt's] products from [Comfrt's] website between January 1, 2022, through the present (the "Class Period") at a discount from a higher reference price and who have not received a refund or credit for their purchase(s).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

Id. ¶ 41.  Alternatively, plaintiff seeks to represent such a class, but limited to "[a]ll persons in the State of California."  Id. ¶ 43.  Plaintiff alleges that the proposed class has more than 100 members and that the total amount in controversy for this matter exceeds $5 million.  Id. ¶ 10.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(1) Motion

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action.  This defect may exist despite the formal sufficiency of the allegations in the complaint.  T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964).  When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction.  Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous.  See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

### B.   Rule 12(b)(6) Motion

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' "  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. <u>Pareto v. FDIC</u>, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009); <u>see</u> <u>Moss v. United States Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (<u>e.g.</u>, facts presented in briefs, affidavits, or discovery materials). <u>In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.</u>, 102 F.3d 1524, 1537 (9th Cir. 1996), <u>rev'd on other grounds sub nom</u> <u>Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999); <u>see</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

## IV.    DISCUSSION

Comfrt argues that the FAC must be dismissed because (1) plaintiff lacks standing, and (2) plaintiff fails to state a claim. Mot. at 1. The Court discusses each issue in turn.

### A.    "Standing" Arguments

Comfrt argues that plaintiff lacks Article III standing based on her March 6, 2024 purchase of Comfrt products. Mot. at 9. Comfrt contends that the CLRA requires a consumer to notify the alleged wrongdoer and demand correction at least 30 days before commencing an action for damages. Id. (citing Cal. Civ. Code § 1782(a)). Comfrt argues that plaintiff's first CLRA letter, dated February 4, 2025, was deficient, and that plaintiff only sent a compliant letter on February 24, 2025. Id. According to Comfrt, it fully addressed plaintiff's letter by providing her with an unconditional refund of her alleged purchase price, plus interest, plus a promise to pay her attorneys' fees, on March 24, 2025. Id. Comfrt asserts that, as a result of its corrective action, plaintiff is barred from asserting her claim for monetary damages under the CLRA. Id. at 10. Furthermore, Comfrt argues that its corrective action bars plaintiff's other two claims against Comfrt. Id. Comfrt contends that plaintiff "tried to game the system" by only sending her proper CLRA letter after commencing the lawsuit. Id. Even if the Court recognizes this "tactic," Comfrt argues that plaintiff still lacks standing, because the case-or-controversy requirement "subsists through all stages of federal judicial proceedings." Id.

Comfrt then argues that plaintiff lacks standing to seek injunctive relief under the CLRA because the FAC does not allege that plaintiff is at imminent risk of future harm based on Comfrt's advertising. Id. at 12. According to Comfrt, the FAC does not allege that plaintiff will ever buy a product from Comfrt again, but rather, only that she "desires to shop" there in the future. Id. Further, Comfrt argues that plaintiff's allegations make clear that she is currently able to browse Comfrt's website and determine whether the pricing is reliable; because she can do this in the future, Comfrt asserts that she cannot allege that she is at risk of future harm. Id. at 13.

In opposition, plaintiff first disputes that it engaged in any gamesmanship regarding its CLRA letters. Opp. at 6. Plaintiff asserts that, while its first CLRA letter did not identify plaintiff's name or the date of purchase, the letter described Comfrt's violations, and demanded that Comfrt remedy them on behalf of a class. Id. at 6-7. According to plaintiff, this was sufficient to put Comfrt on notice such that Comfrt could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

take corrective action for the class, but Comfrt did not do so. Id. at 7. Additionally, plaintiff disputes Comfrt's argument that it was gamesmanship for plaintiff to send the second CLRA letter on the same day that plaintiff filed her complaint. Id. To the contrary, plaintiff argues that notice under the CLRA is not required when a plaintiff seeks only injunctive relief, and because plaintiff's original complaint only sought injunctive relief under the CLRA, plaintiff acted properly. Id.

Next, plaintiff argues that she has standing to pursue all three of her claims, regardless of Comfrt's refund offer. Id. at 8. Plaintiff contends that she established economic injury by alleging that Comfrt misled her, and the class, into believing that the purchased products were on sale, when they were not. Id. According to plaintiff, this led plaintiff and the class to pay more for the products than they otherwise would have paid, or to buy the product when they otherwise would not have done so. Id. Plaintiff argues that Comfrt's refund offer does not destroy plaintiff's standing because plaintiff did not accept the offer, and "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." Id. at 9 (citing Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 165 (2016)). Even if the refund offer did moot plaintiff's case, plaintiff argues that because plaintiff seeks to represent a class, she would still be able to seek class certification. Id. Further, plaintiff contends that many courts in the Ninth Circuit have found that "a plaintiff who receives a refund maintains standing to pursue a consumer-based injury," because loss of use of one's money constitutes a redressable injury Id.

Additionally, plaintiff argues that Comfrt's refund offer did not deprive plaintiff of standing because the offer does not satisfy the CLRA. Id. at 10. Plaintiff contends that Cal. Civ. Code § 1782(b), which allows a defendant to make "an appropriate correction" to a consumer to avoid a CLRA claim, only controls if the plaintiff notified the defendant of an individual grievance; it does not apply to class actions, which are governed by Cal. Civ. Code § 1782(c). Id. Plaintiff argues that because she filed a class action complaint and Comfrt has not taken any action to provide corrections to or notify the putative class, Comfrt's refund offer is insufficient. Id. at 11. Finally, plaintiff contends that she has standing to seek injunctive relief, as she alleges that she cannot rely on Comfrt's prices and cannot purchase the products in the future without being misled again. Id. at 12.

In reply, Comfrt argues that its full and unconditional refund of plaintiff's purchase was not merely an "offer to refund," but a statutory remedy that was actually provided to plaintiff. Reply at 2-3. Further, Comfrt contends that there is no evidence that plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

"did not accept" the purported offer, as plaintiff did not submit any evidence with her
opposition.  Id. at 3.  Even if there was evidence that plaintiff rejected a purported offer,
Comfrt asserts that plaintiff would still not be able to prove that her injury was traceable
to Comfrt's conduct, because her injury would be self-inflicted.  Id.  Next, Comfrt
disputes plaintiff's argument that she can still seek class certification in this lawsuit.  Id.
at 4-5.  Comfrt also argues that, where courts have found that the loss of use of money
prior to a refund constitutes an injury, the remedy for such a loss is interest, which
plaintiff already received as part of her refund.  Id. at 5.

Additionally, Comfrt contends that plaintiff's arguments about Cal. Civ. Code §
1782(c) are immaterial, as whether plaintiff has statutory standing to assert these claims
in state court is a distinct question from whether she has Article III standing.  Id. at 6.
Finally, Comfrt restates its arguments regarding plaintiff's request for injunctive relief.
Id. at 7-8.  Moreover, Comfrt argues that after the filing of plaintiff's lawsuit, Comfrt
modified the disclosures on its online store to disclose the basis for its strike-through
pricing, and because plaintiff never purchased products based on these new disclosures,
she lacks standing to seek injunctive relief related to them.  Id. at 8.

The parties appear to conflate arguments regarding the notice requirement of the
CLRA, Article III standing, and mootness.  The Court discusses each issue in turn.

       1.     Findings on the CLRA's Notice Requirement

"The CLRA's notice requirement is not jurisdictional, but compliance with this
requirement is necessary to state a claim."  In re Easysaver Rewards Litig., 737 F. Supp.
2d 1159, 1178 (S.D. Cal. 2010).  To the extent that Comfrt argues that plaintiff's two
demand letters were deficient notice under the CLRA, the Court is not persuaded.

California Civil Code section 1782(a) provides that, at least 30 days prior to
commencing an action for damages under the CLRA, a consumer is required to (1) notify
the person alleged to have committed the violations of the CLRA as described in
California Civil Code section 1770; and (2) demand that the person "correct, repair,
replace, or otherwise rectify the goods or services" in question.  Cal. Civ. Code §
1782(a).  The notice must be in writing and must be sent by certified or registered mail.
Id.  This notice requirement does not apply where the action is for injunctive relief.  Cal.
Civ. Code § 1782(d).  A demand letter under section 1782(a) can be made on behalf of an
individual consumer or on behalf of a class of consumers.  See Kagan v. Gibraltar Sav. &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

Loan Assn., 35 Cal. 3d 582, 590 (1984) (holding that a demand letter under section 1782(a) can set forth "an individual or class grievance" with respect to alleged violations of section 1770).

Here, plaintiff's initial complaint was filed on February 24, 2025, which was less than 30 days after plaintiff sent her first CLRA letter. However, in plaintiff's initial complaint, she only sought injunctive relief under the CLRA, not damages. See Compl. ¶ 85. Accordingly, the CLRA's notice requirement did not apply, and therefore, the Court cannot find that the purported "first letter" was deficient. See Cal. Civ. Code § 1782(d). Plaintiff appears to have taken advantage of § 1782(d), which states, in pertinent part:

> Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages. The appropriate provisions of subdivision (b) or (c) shall be applicable if the complaint for injunctive relief is amended to request damages.

Cal. Civ. Code § 1782(d). Sub-divisions (a), (b), and (c) state, in turn:

> (a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:

> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.

> (2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.

> The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

> (b) Except as provided in subdivision (c), no action for damages may be maintained under Section 1780 if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|----------|------------------------|------|---------------|
| Title | Anna Fischer v. COMFRT LLC et al | | |

(c) No action for damages may be maintained under Section 1781 upon a showing by a person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 that all of the following exist:

(1) All consumers similarly situated have been identified, or a reasonable effort to identify such other consumers has been made.

(2) All consumers so identified have been notified that upon their request the person shall make the appropriate correction, repair, replacement, or other remedy of the goods and services.

(3) The correction, repair, replacement, or other remedy requested by the consumers has been, or, in a reasonable time, shall be, given.

(4) The person has ceased from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, the person will, within a reasonable time, cease to engage, in the methods, act, or practices.

Cal. Civ. Code § 1782(a)-(c).  After filing the initial complaint for injunctive relief under the CLRA on February 24, 2025, plaintiff sent her second CLRA letter to Comfrt on the same day.  FAC ¶ 86; Dkt. 23-1, Ex. 4.  It appears undisputed that this letter complied with sub-division (a), as it describes plaintiff's purchase of Comfrt's products on March 6, 2024, the alleged violation of the CLRA, and that plaintiff seeks to represent a class. Dkt. 23-1, Ex. 4.  Because plaintiff notified Comfrt of the pending class action lawsuit, § 1782(c) controls, not § 1782(b).  See Baghdasarian v. Amazon.com, Inc., No. CV 05-8060 AG (CTX), 2006 WL 8434740, at *6 (C.D. Cal. Oct. 23, 2006) ("California Civil Code section 1782(b) is only controlling if the plaintiff notified the defendant of an individual grievance…[where plaintiff notified defendant of a class grievance,] the controlling regulation is California Civil Code section 1782(c).").

The California Supreme Court has confirmed that § 1782(c) "places extensive affirmative obligations on prospective defendants to identify and make whole the entire class of similarly situated consumers." Kagan v. Gibraltar Sav. & Loan Assn., 35 Cal. 3d 582, 591 (1984). "[I]t provides that a class action for damages may be maintained under section 1781 unless the prospective defendant shows that it has satisfied all of the following requirements: (1) identified or made a reasonable effort to identify all similarly situated consumers; (2) notified such consumers that upon their request it will provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

them with an appropriate remedy; (3) provided, or within a reasonable time will provide, such relief; and (4) demonstrated that it has ceased, or within a reasonable time will cease, from engaging in the challenged conduct." Id.

Because § 1782(c) applies, and Comfrt makes no showing that it attempted to comply with it, the Court finds that plaintiff is not precluded from bringing a class action for damages under this provision. Accordingly, in sum, the Court concludes that plaintiff complied with all relevant notice requirements. Plaintiff *was not* required to comply with § 1782(a) before filing her initial complaint, as the initial complaint only sought injunctive relief under the CLRA. Plaintiff *was* required to comply with § 1782(a) when she amended her complaint to seek damages under the CLRA. The Court finds that plaintiff satisfied this provision when she sent her second demand letter to Comfrt, dated February 24, 2025. Finally, the Court finds that plaintiff's CLRA claim for damages was not negated by § 1782(b), which does not apply here, because it only applies to individual grievances. Plaintiff's CLRA claim for damages was also not negated by § 1782(c), as Comfrt does not make any showing that it attempted to identify or notify other members of the putative class and provide them with a remedy. Therefore, the Court concludes that plaintiff complied with the CLRA's notice requirements and that dismissal on this basis is not warranted. See also Vizcarra v. Unilever United States, Inc., No. 4:20-CV-02777-YGR, 2020 WL 4016810, at *3 (N.D. Cal. July 16, 2020) ("Because Nunez's letter provided Unilever with the opportunity to resolve the individual and proposed class claims for damages under the CLRA asserted here, such claims cannot be dismissed for failure to comply with section 1782(a).").

> 2.    Findings on Standing and Mootness

Distinct from the CLRA's notice requirement, Comfrt argues that plaintiff lacks Article III standing to assert a CLRA claim for damages or a CLRA claim for injunctive relief. Mot. at 8-11. While framed as an issue of standing, it appears that Comfrt, at least in part, raises issues related to mootness. The Court proceeds to address both justiciability doctrines below.

The party asserting federal jurisdiction bears the burden of pleading and establishing Article III standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 562 (1992). To have standing to bring a claim in federal court, a plaintiff must show: (1) an "injury in fact;" (2) "a causal connection between the injury and the conduct complained of"; and (3) that "the injury will be redressed by a favorable decision." Doran v. 7-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                   **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

Eleven, Inc., 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting Lujan, 504 U.S. at 560-61).
"The requisite personal interest that must exist at the commencement of the litigation
(standing) must continue throughout its existence (mootness)." United States Parole
Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quotation omitted).  A case is moot
when (1) "the issues presented are no longer live" or (2) the parties lack a "legally
cognizable interest in the outcome." Id. (quotations omitted).  "Like standing, the case or
controversy requirement of Article III, § 2 also underpins the mootness doctrine." Am.
C.L. Union of Nevada v. Lomax, 471 F.3d 1010, 1016 (9th Cir. 2006).  Standing is
evaluated by the facts that exist at the time when a plaintiff files the complaint, while the
mootness inquiry requires "courts to look to changing circumstances that arise after the
complaint is filed." Id.

Here, plaintiff filed her initial complaint on February 24, 2025.  See Compl.
Comfrt asserts that it provided a full, unconditional refund to plaintiff on March 24, 2025.
Mot. at 4; dkt. 23-1, Ex. 5.  Thus, it appears undisputed that at the time the complaint was
filed—when standing is determined—plaintiff had not received a refund for her purchase
of Comfrt products.  Plaintiff alleged in her complaint that she spent $125 on her
purchases from Comfrt, and she "would not have purchased the Product listed above, or
at the very least, would not have paid as much as she did, had [Comfrt] been truthful."
Compl. ¶¶ 7, 34.  The Court finds that this is a sufficient allegation of economic injury in
fact.  See Hinojos v. Kohl's Corp., 718 F.3d 1098, 1104, n.4 (9th Cir. 2013) ("[W]hen, as
here, 'Plaintiffs contend that class members paid more for [a product] than they otherwise
would have paid, or bought it when they otherwise would not have done so[,]' they have
suffered an Article III injury in fact.").  Accordingly, the Court finds that plaintiff
sufficiently establishes standing to bring her CLRA damages claim, because, at the time
her complaint was filed, she had suffered a concrete economic injury in fact, likely
caused by Comfrt, which would likely be redressed by judicial relief.

Furthermore, the Court finds that plaintiff sufficiently establishes standing to bring
her injunctive relief claim under the CLRA.[2]  A plaintiff seeking injunctive relief must

---

[2] At oral argument, Comfrt's counsel asserted that paragraph 32 of the FAC demonstrates
that plaintiff now "knows that she cannot rely on the strike-out prices," defeating her
claim for injunctive relief, because she cannot be deceived again.  It is not clear to the
Court that this paragraph establishes, as a matter of law, that plaintiff lacks standing.
See, e.g., Jones v. ConAgra Foods, Inc., No. C 12-01633 CRB, 2014 WL 2702726, at *12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

demonstrate a "real or immediate threat that [they] will be wronged again—a likelihood of substantial and immediate irreparable injury." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). In the context of false advertising, the Ninth Circuit has found that a plaintiff has standing to pursue injunctive relief where "the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 969–70 (9th Cir. 2018). Here, plaintiff's complaint alleges that she "is susceptible to this recurring harm because she cannot be certain that [Comfrt] has corrected this deceptive pricing scheme, and she desires to shop at [Comfrt's] online store in the future." Compl. ¶ 34. The Court finds that this allegation is sufficient to establish plaintiff's standing to assert a claim for injunctive relief, because plaintiff alleges that she cannot rely on Comfrt's pricing scheme in the future, though she wishes to purchase products from Comfrt. See also Calcagno v. Kipling Apparel Corp., No. 23-CV-2247-BAS-BLM, 2024 WL 3261205, at *10 (S.D. Cal. July 1, 2024) (finding that plaintiff sufficiently alleged standing to seek injunctive relief when plaintiff desired to shop at the defendant store again but could not be certain that defendant's pricing scheme would be corrected).

Turning to mootness, it appears that Comfrt argues that plaintiff's "personal interest" that existed at the start of the litigation ceased to exist when Comfrt provided her a full refund on March 24, 2025, rendering her CLRA claim moot. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980). "The party asserting mootness bears the burden of establishing that there is no effective relief that the court can provide." Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006).

Comfrt relies on an email dated March 24, 2025, sent from Comfrt's counsel to plaintiff's counsel, as evidence that Comfrt fully refunded plaintiff for her Comfrt purchases. Dkt. 23-1, Ex. 5. A letter attached to the email states, in pertinent part:

Pursuant to Section 1782(b) [of the CLRA], Comfrt will allow Ms. Fisher to rescind her purchase and will refund her the full amount paid, including shipping

---

(N.D. Cal. June 13, 2014) ("Courts have rejected the argument that a plaintiff cannot establish standing if he has learned that a label is misleading and therefore will not be fooled by it again."). Nevertheless, the Court finds that this issue is better decided at a later stage of this litigation, when the Court will have a more complete record before it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
| --- | --- | --- | --- |
| Title | Anna Fischer v. COMFRT LLC et al | | |

and taxes, plus interest.  A check (drawn from Comfrt funds held by [Comfrt's counsel] and payable to Ms. Fischer) for $138.16 (the $125 purchase price plus interest from March 6, 2024, to the date when this letter should be received by you) is enclosed.  Also enclosed is a pre-paid Federal Express label and box so that Ms. Fischer can return the items purchased.

Id.  It also states that Comfrt will "reimburse" actual costs and attorneys' fees incurred by plaintiff in connection with this matter, "upon submission of appropriate documentation." Id.  The email indicates that the letter, check, and FedEx materials "are being sent to [plaintiff's counsel's] office by FedEx."  Id.

The Court finds that this email and letter are insufficient to satisfy Comfrt's burden of establishing that plaintiff's CLRA damages claim is moot.  "Under Supreme Court and Ninth Circuit case law, a claim becomes moot when a plaintiff *actually receives* complete relief on that claim, not merely when that relief is offered or tendered."  Chen v. Allstate Ins. Co., 819 F.3d 1136, 1138 (9th Cir. 2016) (emphasis in original).  While Comfrt's evidence shows that monetary relief was offered when Comfrt's counsel indicated via email that it sent plaintiff a check, Comfrt offers no evidence that this check was actually received.  At oral argument, Comfrt's counsel offered to present additional evidence, including a delivery receipt and signature confirmation from FedEx, to demonstrate that plaintiff received complete relief.  The Court finds that even if Comfrt presented this evidence to the Court, Comfrt would still fail to establish mootness, as plaintiff asserts that the refund offer was not accepted.  See Opp. at 9.

Comfrt's counsel relies on Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1198 (9th Cir. 2016) for the proposition that a defendant's refund moots a plaintiff's CLRA claim and deprives this Court of jurisdiction.  However, in noting this finding of the district court, Polo explicitly stated in a footnote that "[t]his conclusion is questionable, but [plaintiff] expressly waived any argument to the contrary on appeal."  Id. at 1198, n.5 (citing Chen v. Allstate Ins. Co., 819 F.3d 1136, 1141-43 (9th Cir. 2016)).  Chen held that the claim of the named plaintiff in a class action was not mooted when the defendant deposited the full amount of the plaintiff's individual claim in escrow and proposed entry of judgment favorable to the named plaintiff.  Chen, 819 F.3d at 1146.  Chen, in turn, relied heavily on Campbell-Ewald, in which the Supreme Court held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case."  Campbell-Ewald,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

577 U.S. at 165.  Further, <u>Chen</u> stated that its approach was consistent with "leading treatises on federal procedure," providing:

> [A]pplying both the flexibility of Article III's requirements and the need to protect the interests of class members prior to certification, Article III mootness should not provide a vehicle for "picking off" named plaintiffs or eliminating class treatment of claims until there has been a reasonable opportunity to present the issue of class certification to the court.  [W]hen a named plaintiff has requested class certification and class relief in its complaint, but has not yet had a reasonable opportunity to file a motion seeking class certification, an offer of individual relief should not be considered to be a tender of all relief requested in the complaint.

<u>Chen</u>, 819 F.3d at 1148 (citing 5 James Wm. Moore, <u>Moore's Federal Practice</u> § 23.64[1][b] (3d ed. 2016)).

Comfrt attempts to distinguish these cases by arguing that the refund here was "not an offer to refund or settle Fischer's claims," but instead "a statutory remedy" provided under § 1782(b) of the CLRA.  This argument fails for two reasons.  First, the footnote in <u>Polo</u> indicates that the reasoning in <u>Chen</u> and <u>Campbell-Ewald</u>, as applied to unaccepted offers of judgment under Rule 68, applies similarly to unaccepted refunds offered to CLRA plaintiffs.  Second, Comfrt's efforts to provide a "statutory remedy" to plaintiff under § 1782(b) of the CLRA are irrelevant, because § 1782(b) does not apply in this action.  <u>See</u> <u>supra</u> Section IV(A)(1).

To the extent Comfrt argues that plaintiff's request for injunctive relief under the CLRA is moot because Comfrt has "since modified the disclosures on its online store to disclose the basis for its strike-through pricing," the Court again concludes that Comfrt has failed to meet its burden.  <u>See</u> Reply at 8.  This appears to be an argument that Comfrt's voluntary conduct, after the filing of plaintiff's lawsuit, remedied any future risk of injury to plaintiff.  However, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." <u>City of Mesquite v. Aladdin's Castle, Inc.</u>, 455 U.S. 283, 289 (1982).  The Supreme Court's "standard… for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" <u>Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.</u>, 528 U.S. 167, 189 (2000) (citation omitted).  Because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

Comfrt does not offer any evidence to meet this standard or explain why it is "absolutely clear" that the alleged wrongful conduct will not recur, the Court finds that Comfrt has not met its "heavy burden" of establishing mootness.

### B.    12(b)(6) Arguments

Even if plaintiff has standing to sue, Comfrt argues that all of plaintiff's claims fail because plaintiff does not allege that she incurred damages caused by Comfrt. Mot. at 15. Specifically, Comfrt contends that plaintiff does not allege that "the sweatpants and hoodies she purchased were not worth, at retail, the $49 and $69 that she paid." Id. at 16 (citing Evans v. Sleep Number Corp., No. 1:24-cv-01136-KES-SAB, 2025 WL 1093332 (E.D. Cal. Apr. 11, 2025)). Additionally, Comfrt argues that plaintiff fails to state a claim for injunctive relief under the UCL, FAL, or CLRA. Id. This is because, according to Comfrt, Comfrt's website "has already been modified to explain precisely what Comfrt's strike-through pricing represents." Id. at 17. Comfrt contends that its website has been incorporated into plaintiff's FAC by reference. Id. at 17, n.9.

Next, Comfrt argues that plaintiff fails to state a claim for "disgorgement" under the UCL, because non-restitutionary disgorgement is not an available remedy under the UCL. Id. at 18. Further, Comfrt contends that plaintiff fails to plausibly state a claim for restitution under the UCL or the FAL. Id. Lastly, Comfrt argues that plaintiff fails to state a damages claim under the CLRA because Comfrt has already refunded her the purchase price, plus interest. Id. at 19.

In opposition, plaintiff argues that Evans is unpersuasive, as it is possible for a plaintiff to allege restitution damages outside of alleging that the product purchased was worth less than the price paid. Opp. at 12. Further, plaintiff contends that Evans "ignores" the injury incurred when a consumer overpays for a product after being misled into purchasing it through a falsely-stated higher price. Id. at 13. As for the newly-added disclaimer to Comfrt's website, plaintiff disputes its accuracy and argues that its relevance cannot be decided on a motion to dismiss, as it is factual and implicates the "reasonable consumer test." Id. at 14. Next, plaintiff asserts that she has sufficiently pled a restitutionary disgorgement claim under the UCL, as the FAC alleges that she would not have paid as much had she known that the products were not actually valued at their reference prices. Id. at 15. Therefore, plaintiff argues that the difference between the reference price and the sales is an appropriate restitutionary metric. Id. Finally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|----------|------------------------|------|---------------|
| Title | Anna Fischer v. COMFRT LLC et al | | |

plaintiff contends that she adequately states claims for restitution under the FAL and damages under the CLRA because she incurred an economic injury. Id.

In reply, Comfrt asserts that plaintiff's opposition brief addresses only damages, not causation, which plaintiff does not plausibly allege. Reply at 9. Additionally, Comfrt contends that plaintiff fails to address the newly-added disclosures on the website. Id. at 11. As for restitutionary disgorgement, Comfrt argues that plaintiff misrepresents the request in her FAC. Id. at 12. Even if the FAC did request restitutionary disgorgement, Comfrt contends that plaintiff fails to plausibly allege that she would have, and could have, paid a lower price for the products. Id.

The Court begins with the relevant provisions of each statute at issue. California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." Lozano v. AT & T Wireless Servs., Inc., 504 F.3d 718, 731 (9th Cir. 2007).

Additionally, California's FAL prohibits any "unfair, deceptive, untrue or misleading advertising." Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008) (citing Cal. Bus. & Prof. Code § 17500). "[A]ny violation of the [FAL] ... necessarily violates the [UCL]." Id. Further, Section 17501 of the FAL provides: "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501. The FAL "has been interpreted broadly to encompass not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood[,] or tendency to deceive or confuse the public." Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1162 (9th Cir. 2012) (quotations and citations omitted).

Lastly, "California's CLRA prohibits 'unfair methods of competition and unfair or deceptive acts or practices.'" Williams, 552 F.3d at 938 (citing Cal. Civ. Code § 1770). The CLRA prohibits, among other things, "[a]dvertising goods or services with intent not to sell them as advertised" and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code §§ 1770(a)(9), (13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

It appears that Comfrt argues that, for all three claims, plaintiff fails to allege causation and fails to allege that she is entitled to an injunction, restitution, or money damages. The Court addresses each issue in turn.

1.      Findings on Causation

The Court finds that plaintiff adequately pled that Comfrt caused her economic injury. Plaintiff alleges that because of Comfrt's "fake and artificially inflated" pricing scheme, plaintiff purchased Comfrt products that she otherwise "would not have purchased," or "at the very least," plaintiff "would not have paid as much as she did, had [Comfrt] been truthful." FAC ¶¶ 33-34. Further, plaintiff alleges that she "was persuaded to make her purchase only because of the fake sale based on [Comfrt's] fake [r]eference [p]rice scheme." Id. ¶ 34. This is sufficient to establish causation at the pleading stage. Contrary to Comfrt's argument, causation is not defeated by the fact that plaintiff did not plead that the products were not worth the price paid.

2.      Findings on Injunctive Relief Claims

As an initial matter, the Court is skeptical of the argument that Comfrt's entire website, including modifications made after the filing of the FAC, can be considered by the Court pursuant to the incorporation-by-reference doctrine. "Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). It is appropriate "in situations where the complaint [1] necessarily relies upon a document or the contents of the document are alleged in a complaint, [2] the document's authenticity is not in question and [3] there are no disputed issues as to the document's relevance." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). The rationale of the doctrine "applies with equal force to internet pages as it does to printed material." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Courts routinely consider the "full page [of a] website" where "[a] portion of the page" is quoted or relied on in the complaint. Browning v. Am. Honda Motor Co., 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021).

In these circumstances, incorporation-by-reference is inappropriate. Comfrt attempts to incorporate a hyperlink on the website, which now leads to a disclosure. It is unclear, however, if this hyperlink existed at the time plaintiff filed her complaint and FAC, and therefore, it is unclear if the complaint and FAC "necessarily rel[y]" on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|----------|------------------------|------|---------------|
| Title | Anna Fischer v. COMFRT LLC et al | | |

disclosure, the first requirement for incorporation. <u>See</u> <u>Coto Settlement</u>, 593 F.3d at 1038. At oral argument, Comfrt's counsel asserted that images in the FAC demonstrate that the hyperlink was added between April 22, 2024 and July 19, 2024, well before plaintiff's complaint was filed on February 24, 2025. <u>See</u> FAC ¶ 32. Even if the FAC relies on the disclosure, however, the parties dispute the relevance of the contents of the hyperlink. Comfrt argues that it defeats plaintiff's claim for injunctive relief, while plaintiff argues that it is relevant to one, fact-intensive element of its UCL, FAL, and CLRA claims: whether Comfrt's practices satisfy the "reasonable consumer test." Opp. at 14-15. The disclosure thus fails to meet the third requirement of the incorporation-by-reference doctrine, which mandates that "there are no disputed issues as to the document's relevance." <u>See</u> <u>Coto Settlement</u>, 593 F.3d at 1038.

Nevertheless, assuming *arguendo* that the newly-added disclosure can be considered, the Court finds that it presents factual issues not appropriate for resolution at the motion to dismiss stage. First, as noted in plaintiff's opposition, plaintiff disputes the accuracy of the disclosure, an issue of fact. <u>See</u> Opp. at 14. Second, if considered, the contents of the disclosure raise factual questions relevant for the reasonable consumer test. "Whether a business practice is deceptive or misleading under [the UCL, FAL, and CLRA] is governed by the 'reasonable consumer' test." <u>Moore v. Mars Petcare US, Inc.</u>, 966 F.3d 1007, 1017 (9th Cir. 2020) (citation and quotations omitted). Under this standard, a plaintiff must "show that members of the public are likely to be deceived." <u>Williams v. Gerber Prods. Co.</u>, 552 F.3d 934, 938 (9th Cir. 2008). Application of the test "typically involves question[s] of fact that may not be resolved on a motion to dismiss." <u>Carvalho v. HP, Inc.</u>, No. 21-CV-08015-BLF, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022). Accordingly, the Court finds that plaintiff's claims for injunctive relief under these statutes are better examined when the Court has a more complete record before it.

        3.      <u>Findings on Restitution and Damages Claims</u>

As for restitution, the Court finds that dismissal of plaintiff's requests for restitution under the UCL and FAL is not warranted at this juncture. <u>See</u> <u>Jacobs v. La-Z-Boy Inc.</u>, No. 2:24-CV-04446-JLS-AS, 2024 WL 5194976, at *5 (C.D. Cal. Nov. 14, 2024) ("The Court finds that whether Plaintiff can later prove the amount of monetary relief sought [under the UCL, FAL, and CLRA] is a question better addressed at a later stage of litigation"); <u>Russell v. Kohl's Dep't Stores, Inc.</u>, No. ED-CV-15-1143-RGK-SPx, 2015 WL 12781206, at *5 (C.D. Cal. Oct. 6, 2015), 2015 WL 12781206, at *5 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:25-cv-01574-CAS-AGRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Anna Fischer v. COMFRT LLC et al | | |

Oct. 6, 2015) ("While it remains to be seen whether Plaintiffs can adduce sufficient evidence of a measurable amount of restitution [under the UCL and FAL], such an inquiry is premature at this early pleading stage.").

"Plaintiffs need not allege a cost-minus-value measure of restitution to survive a [m]otion to [d]ismiss because alternative measures of restitution are available [under the UCL and FAL]." Russell, 2015 WL 12781206, at *5. At this stage, it is sufficient that plaintiff alleges that she would not have purchased the products if she had not been deceived by Comfrt's pricing scheme, or that she would not have paid as much for them. See FAC ¶ 34. See also Gonzalez v. Childrens Place, Inc., No. SACV 22-0816 JGB (KESX), 2024 WL 5413173, at *10 (C.D. Cal. Nov. 21, 2024) (finding that, even though the FAC did not allege that the items purchased by Plaintiffs were "worthless," "the FAC alleges a different basis for restitution—that Defendant's deceptive pricing scheme influenced Plaintiffs pay for merchandise they would not have otherwise purchased.").

As for damages, the Court has already found that Cal. Civ. Code § 1782(b) does not bar plaintiff's damages claim under the CLRA, because it is § 1782(c), not § 1782(b), that applies in this case. See supra Section IV(A)(1).

**V.    CONCLUSION**

In accordance with the foregoing, the Court **DENIES** Comfrt's motion.

IT IS SO ORDERED.

|  | 00 | : | 30 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |